THE TOWN OF DUXBURY *v.* THE VERMONT CENTRAL RAILROAD CO.

*Railroad Companies. Their liabilities, &c.*

Where a town had a remedy against a railroad corporation for damages paid for a defect in a road built by the corporation, in lieu of an old road taken by them for the track 'of the railroad, *it was held,* that the town might also recover of the corporation the costs and expenses incurred in defending the suit against them for such damages, the corporation having been notified of the suit and having declined interfering.

*Semble,* per REDFIELD, Ch. J.—The only question is, whether the town were justified in making the defense, and it is immaterial whether the defense is put upon grounds peculiar to the town.

THIS was an action on the case against the defendants. Plea, the general issue and trial by the court.

It appeared on trial, that one Joel Battey had recovered against the plaintiffs for damages sustained upon a new road, built by the defendants, in lieu of an old road taken by the defendants for the track of their railroad. The defendants were notified of the suit of Battey, but declined interfering. The plaintiffs claimed the amount of the judgment recovered against them by said Battey, and the costs and expenses of said suit.

The County Court, September Term, 1853,—POLAND, J., presiding,—found that said road was not properly restored by the defendants, and rendered judgment for the plaintiffs to recover of the defendants the amount of the judgment recovered by Battey, and the costs and expenses of the said suit.

Exceptions by defendants.

*Peck & Colby* for defendants.

*P. Dillingham* for plaintiffs.

The opinion of the court was delivered by

REDFIELD, Ch. J.   The only question made, in the present case, is, whether the plaintiffs, can recover the costs and expenses of the former suit in this case.   The case of *Newbury* v. *The Conn. & Pass. R. Railroad Co.*, decided in Orange county, by this court, some three years since, and not yet reported, was almost identical with the present, and the question was then made and decided, that the plaintiffs were entitled to recover the costs and expenses of the former suit.   The question was not made in that case, in regard to litigation, upon grounds peculiar to the town, and in which the railroad had no interest, nor is that question made here. It does not appear that any of the expenses incurred in the former suit in this case, arose from any such attempted defense ; and we could not presume that, and for one, I do not well see, how any such distinction is maintainable upon principle.   If the town were justified in making the defense, they were bound to make it upon every ground which seemed hopeful, as it seems to me.   The only question seems to me to be, whether the town were justified in making the defense ; but the costs, not allowed to be recovered in that suit, were such as accrued in trying the question of antagonist liability between the railroad and the town.   But if in any case, one having an ulterior indemnity, may justly incur expense in attempting a defense, and be entitled to recover the amount of his guarantor, it would seem he should in this case.   It was a matter of doubt as to the right of Battey, to recover, and of serious difficulty, and one of which the railroad were informed, and which they neither assumed to solve by taking the burden of the defense, or directing its abandonment.   The town then could do no less than make the defense.

1. It is now perfectly well settled in this state, and in England, and probably in most of the American States, that in covenants of warranty of title, and for quiet enjoyment, the covenantee being evicted, is entitled to recover costs, and expenses, as between attorney and client ; notwithstanding it is also well settled, that the covenantee is not obliged to hold out against the claim of the evic-

tor, until actual eviction, but may buy in his claim, when convinced that it is irresistible, and recover the amount paid, with previous costs and expenses. *Smith* v. *Crompton*, 23 Eng. Com. Law R. 106, is an English case, in the King's Bench, in 1832, which seems to have been well considered, and covers both points fully. *Pitkin* v. *Leavitt*, 13 Vt. 379.

2. This rule is not confined to cases of covenants.for title, and for quiet enjoyment, or indeed to covenants of indemnity against suits, loss or damage, or to that class of contracts of indemnity, but extends to all cases of suretyship, where the claim was in its nature disputable, or unliquidated, and has generally been extended to costs recovered against the surety, in all cases, and to costs incurred by the surety in making defense, when it was done *bona fide*, and with a reasonable probability of success. *Deering* v. *The Earle of Winchelsea*, 1 Lead. Cases in Equity, note 102; *Wynn* v. *Brooke*, 5 Rawle, 106. In the case of *Hayden* v. *Cabot*, 17 Mass. 169, PARKER, Ch. J., thus lays down the rule in regard to the implied obligation to indemnify a surety : " If the surety pays voluntarily, he shall be reimbursed ; if he is compelled by suit to pay, he shall also be indemnified for his costs and expenses." This seems to us more in accordance with sound principle, and more reliable authority, than the decision of the same court, in the case cited in argument. *Lowell* v. *B. & L. Railroad Company*, 23 Pick. 24.

3. Finally it seems to us of the slightest possible consequence, in regard to expense to the defendants in this case, whether the expenses were incurred in making defense in the first suit, or that were compromised by the town, and then the whole matter litigated in this suit, as it inevitably must have been.

Judgment for the plaintiffs affirmed.