BRAGG *v.* MORRILL.

*Sale.   Implied Warranty.   Latent Defect.*

The vendor of an article sold for a particular purpose, does not impliedly warrant it against latent defects to him unknown, and caused by the unskillfulness or negligence of the manufacturer or previous owner, except when the sale is, in itself, equivalent to an affirmation that the article has certain inherent qualities inconsistent with the alleged defects.   Thus, when defendant, a machinist and founder, sold a piece of wrought iron shafting, of which he was not the maker, but which he turned and prepared for the reception of pulleys, and which he supposed to be sound, to be used in running machinery in a carriage shop, and the shaft upon being put to the described use broke because of a flaw and an imperfect weld, it was *held* that there was no implied warranty of its soundness.

ASSUMPSIT upon a warranty of a piece of wrought iron shafting. The case was referred, and the court, at the September Term, 1875, POWERS, J., presiding, rendered.judgment on the report for the defendant. Exceptions by the plaintiff. The case appears from the opinion.

*Young*, for the plaintiff, cited *Beals .*v. *Olmstead*, 24 Vt. 114 ; *Pease* v. *Sabin*, 38 Vt. 432 ; *Jones* v. *Bright*, 5 Bing. 533 ; *Brown* v. *Edgington*, 2 M & G. 279 ; *Shepherd* v. *Pybus*, 3 M. & G. 868 ; *Gray* v. *Cox*, 4 B. & C. 108 ; 1 Parsons Cont. 469.

*Edwards & Dickerman*, for the defendant, cited *Goslin* v. *Hodson and Fisk*, 24 Vt. 140 ; *Paddock* v. *Strobridge*, 29 Vt. 470 ; *Sanborn* v. *Herring et al.* 6 Am. Rep. 457 ; *Emerton* v. *Mathews*, 1 Am. Rep. 231 ; *Bradford* v. *Manly*, 13 Mass. 139 ; *Brown* v. *Edgington*, 2 M. & G. 279 ; *Bluett* v. *Osborne*, 1 Stark. 384.

The opinion of the court was delivered by

Ross, J.   The plaintiff claims to recover of the defendant damages sustained by two defects — one an imperfect weld and the other a flaw — in a wrought iron shaft, twenty-four feet long and two inches in diameter, that he purchased of the defendant. The defendant did not manufacture the shaft, further than to turn

it the whole length, so that the plaintiff could attach pulleys to it at any point he chose. There is no complaint that the defendant did not properly perform what work he did upon the shaft. The defects in the shaft were alike unknown to the defendant and the plaintiff, and seem not to have been discoverable by any ordinary inspection or examination. The defendant, at the time of the sale, was carrying on the business of a foundry and machine shop, and held himself out as skilled in whatever pertained to that business. He was informed that the plaintiff desired to purchase the shaft for the purpose of attaching various pulleys for the propulsion of such machines as he should wish to use in the manufacture of carriages, but it is not found that the defendant was informed of the exact position in which it was to be hung, or what particular machines it was expected to propel. The sale of the shaft was by the pound, with an agreed price per day that the defendant should charge for the time required to turn and fit it. The defendant had nothing to do with the hanging of the shaft. There was no express warranty nor undertaking by the defendant in regard to the shaft. It was of the required size and length. The question presented is, whether on these facts the law implies a warranty by the defendant against latent defects occasioned by its imperfect manufacture before it came into the hands of the defendant. The general doctrine that the vendor of an article, manufactured by him for a particular purpose, impliedly warrants it against all such defects as arise from his unskillfulness either in selecting the materials or in putting them together and adapting them to the required purposes, is well established. It is immaterial whether the manufacture of the article precedes or follows the sale, provided the vendor is the manufacturer. *Beals* v. *Olmstead*, 24 Vt. 114; *Pease* v. *Sabin*, 38 Vt. 432; *Jones* v. *Bright*, 5 Bing. 533.

For analogous reasons, where the sale is by sample, the vendor impliedly warrants that the article sold shall correspond with the sample in kind and quality. *Bradford* v. *Manly*, 13 Mass. 139. But says PARKER, C. J., in delivering the opinion in that case: " That there is not an unknown and invisible defect, owing to natural causes or to previous management of some former dealer,

he may not be presumed to affirm when he shows the sample ; and as to these particulars, an express warranty may be required consistently with confidence in the fair dealing of the vendor." *Parkinson* v. *Lee*, 2 East, 314.

Generally, in all sales of provisions, there is a like implied warranty that they are wholesome. 1 Parsons Cont. 470, and notes. But this doctrine has exceptions, and is held applicable only when the vendor is the producer, or when he exposes them for sale for domestic use as a provision dealer. *Bunby* v. *Ballett*, 16 M. & W. 644 ; *Emerson* v. *Brigham*, 10 Mass. 197 ; *Emerton* v. *Mathews*, Exchequer, 1861, 1 Am. Law Reg. N. s. 231. In the case last cited, the plaintiff was a butcher and retailer of meat, and the defendant was a commission salesman of meat in Newgate market. The defendant exposed a carcass for sale that appeared sound and wholesome, and sold the same to the plaintiff. The plaintiff cut up the carcass and sold portions of it to some of his customers. On being cooked, it proved unfit for food. The court held that the defendant was not liable on an implied warranty that it was wholesome, and that the doctrine of implied warranty did not apply to a commission salesman. The plaintiff relies much on the leading case of *Jones* v. *Bright*, *ante*. In that case, the defendant was the manufacturer of the copper sheathing which proved defective through some imperfection in the manufacture. *Gray* v. *Cox*, 4 B. & C. 108, is like *Jones* v. *Bright*, save in the single particular that the defendant did not manufacture the copper sheathing which proved defective, and was held by the sale not to have impliedly warranted it against a latent defect occasioned by unskilfulness in its manufacture. We think the result of the cases on implied warranty is, that the vendor of an article for a particular purpose does not impliedly warrant it against latent defects unknown to him, and which have been produced through the unskillfulness of some previous manufacturer or owner, without his knowledge or fault, except in those cases where the sale of the article by him is, in and of itself, legally equivalent to a positive affirmation that the article has certain inherent qualities inconsistent with the claimed defects, as is the case in the sale of provisions for domestic use. On this ground,

the defendant is not liable on an implied warranty of the shaft for the latent defects that caused it to break, and were wholly unknown to him, and were not produced through any fault or unskillfulness on his part, but wholly through the fault or unskillfulness of the manufacturer of the shaft from the raw material.

Judgment affirmed.