Hillsborough, }
Oct. 7, 1902. }

### Boston & Maine Railroad v. Brackett & a.

One who is notified of the pendency of an action, and is given an opportunity to defend, is concluded as to all questions determined therein which are material to a recovery against him, in an action for indemnity brought by the defendant in the original suit.

If a defendant, having satisfied a judgment rendered against himself, brings an action for indemnity against one who was notified to defend, parol evidence is admissible to ascertain whether the facts in controversy were so determined in the original litigation as to settle the rights of the parties in the subsequent suit.

In a suit to recover indemnity for the amount of a judgment rendered in an action for negligence, it is incumbent upon the plaintiff to prove that he could not by ordinary care have prevented the injury complained of; and a special finding in the original action, that the injury resulted from a condition attributable to lack of care on the part of the defendant in the subsequent suit, is not sufficient for this purpose, unless the verdict and judgment conclusively establish the fact that such negligence was the sole cause of the injury, and expressly or impliedly determine the plaintiff's freedom from fault.

CASE, for negligence, to recover the amount paid by the plaintiffs upon a judgment against them in favor of John W. Wright, their employee. Trial by jury and verdict for the plaintiffs. Transferred from the September term, 1901, of the superior court by *Pike,* J.

The declaration alleged, among other things, that at the time of Wright's injury he was engaged in moving a car upon a side track of which the defendants were owners, and which they had agreed to keep in suitable condition for the use of the plaintiffs' servants; and that by reason of the failure of the defendants to keep the track in suitable repair, and on account of its becoming defective, dangerous, and covered with ice, Wright was injured by being thrown from the car upon which he was at work.

Subject to the defendants' exception, the plaintiffs put in evidence the special verdict in the prior action referred to in the opinion. The presiding justice ruled that no evidence could be offered tending to show that there was any cause of Wright's injury other or further than the accumulation of ice upon the track. He held that by the special verdict the sole cause of Wright's injury was found to be the accumulation of ice upon the track, and that the only question to be determined in this suit was: Through whose fault did the ice accumulate? Subject to the defendants' exception, he also ruled that, the sole cause of the injury having been determined in the prior action, negligence of the railroad in the management of the cars could not be considered as having contributed thereto, and could not be shown in evidence. The defendants' motions for a nonsuit and for direction of a verdict in their favor were denied, subject to exception.

*Oliver E. Branch,* for the plaintiffs.

*George B. French,* for the defendants.

PARSONS, C. J. The Boston & Maine Railroad, being sued by one Wright for an injury alleged to have been caused by their negligence,

upon the claim that the cause of Wright's injury was the negligence of the present defendants, the Bracketts, notified them of the pendency of Wright's action and tendered to them the defence and management of the suit. The Bracketts did not assume the defence of Wright's suit, but the same was unsuccessfully defended by the railroad, who have paid a judgment recovered by Wright. The principle is well settled that, by notice and and opportunity to defend, the persons notified become parties to the original action, so as to be concluded in any subsequent litigation between the same parties as to all questions determined in the first action which are material to the right of recovery in the second. *Littleton* v. *Richardson*, 34 N. H. 179, 180. The judgment in such case is also conclusive upon the defendants in the first action, in their character of plaintiffs in the second, as to the facts therein determined. Hence, if it appears that the judgment in the first action was based upon a finding of fact fatal to the recovery in the second, the action over cannot be maintained. *Gregg* v. *Belting Co.*, 69 N. H. 247, 249, 251. But all questions which were not determined in the first suit are open. *B. & M. Railroad* v. *Sargent*, 70 N. H. 299 ; *Littleton* v. *Richardson*, 34 N. H. 179. When it is not clear from the record upon what ground damages were recovered, if upon some ground upon which the original suit proceeded and upon which the judgment 'may have been rendered the defendants would be liable, while upon others they would not, parol evidence is admissible to ascertain whether the facts in controversy have been so determined as to settle the rights of the parties in the second suit. *Hearn* v. *Railroad,* 67 N. H. 320.

Wright alleged, in substance, in his action, that a certain spur track in use by the railroad was out of repair and unsafe from an accumulation of ice negligently permitted upon it; that, in consequence of such negligence, a car became derailed and remained upon the track attached to two other cars, and the railroad, without informing him of the derailed car, directed him to aid in moving the cars upon the track; that, in ignorance of the dangerous condition of the track causing the derailment and of the derailment, he assisted in attempting to move the cars along the track, getting upon another car; and that the car he was on tipped over, and he was injured. He also alleged the railroad knew, or was bound to know in the exercise of reasonable care, the condition of the track, the derailment of the car, and the danger.

The judgment in Wright's action established the railroad's responsible fault as to him, his injury, its extent measured by the damages awarded, and his freedom from fault. Upon the allegation in Wright's writ, the railroad might have been found liable to him on the ground of their negligence in not warning him of

the dangerous condition presented by the derailed car and obstructed track, or by the dangerous condition of the spur track, or by both combined. The only negligence for which it is charged in this suit the defendant Bracketts are responsible is the obstruction of the track by ice. It was therefore incumbent upon the plaintiffs to establish that Wright's verdict against them was based upon that ground. For this purpose they offered, with the record in that action, the charge to the jury and a special finding obtained from the jury, which consisted of an affirmative answer to the following question: "Was the injury to the plaintiff caused by the accumulation of ice on the side track adjoining Brackett's shoe shop, on which the cars were being moved at the time?"

Although Wright charged negligent failure of the railroad to inform him of the danger, and, assuming the truth of the evidence (offered by the defendants and excluded) as to the evidence and claim made in argument by Wright's counsel, although this charge was not abandoned by him, this claim was not passed upon and determined by the jury; because the charge to the jury shows that the only ground of negligence submitted to the jury was the accumulation of ice. The reason why the other ground claimed was not submitted is immaterial. It may have been omitted with the assent of Wright, or against his objection and subject to his exception. The material fact is that this question was not submitted to the jury, and was not determined by them. *B. & M. Railroad* v. *Sargent*, 70 N. H. 299. The record therefore establishes that the sole ground upon which Wright recovered his verdict was the accumulation of ice.

The action is case for negligence. It is not assumpsit for the breach of a contract to indemnify the railroad for damages resulting to them from the use of the spur track. The only effect of the contract to keep the track in repair and free from snow and ice, is to establish the existence of the duty, from the negligent non-performance of which the right of action is alleged to have arisen. One of two or more joint wrong-doers, who has been compelled to pay damages for a joint wrong, cannot recover of another *in pari delicto*. It is only when the party who is in fault as to the person injured is without fault as to the party whose actual negligence is the cause of the injury, that recovery over can be had. *Gregg* v. *Belting Co.*, 69 N. H. 247, 250, 251; *Churchill* v. *Holt*, 127 Mass. 165; *S. C.*, 131 Mass. 67; *Old Colony R. R.* v. *Slavens*, 148 Mass. 363. A plaintiff cannot recover for an injury resulting from the negligence of another unless his own freedom from contributing fault is found. These propositions are elementary. The plaintiffs here, to recover for the injury to them resulting from the obstructed track, must establish not only that it was

due to the Bracketts' negligence, but that they could not by the exercise of care have prevented the injury for which Wright recovered. Confusion appears to have arisen from a failure to distinguish between the grounds upon which Wright recovered, as shown by the course of his trial, and the causes which actually produced the injury, which are now in question. That Wright was able to recover against these plaintiffs without establishing their personal fault, does not relieve them from the burden of now showing their freedom from negligence contributing to the accident. If the exercise of due care by them would have prevented the injury to Wright, there would have been no accident and no damage to the plaintiffs, *i. e.*, no verdict against them. The law imposed upon the Bracketts, by force of their contract, the duty to exercise care in its execution. The plaintiffs were also bound, in their use of the track for their employees, to the care of the person of ordinary prudence under like circumstances. The question is not whether they were guilty of a lack of care toward Wright for which he has recovered against them, for the evidence conclusively establishes his verdict to be based on another ground, but is whether they exercised the care which their legal duty as users of the track required of them toward the Bracketts, who were responsible for the maintenance of the track. *Boston Woven Hose Co.* v. *Kendall*, 178 Mass. 232, 236, 237.

If it has been judicially decided, so as to bind these defendants, that the sole cause of Wright's injury was the obstruction of the track, no want of care on the part of the plaintiffs could have contributed thereto. It was claimed at the trial that the special verdict established not only that the obstruction of the track was the cause of the accident, but that it was the sole cause. The court so ruled. The subsequent rulings to which exceptions were taken were an application of this ruling; so that without reference to the various rulings excluding evidence and argument, and denying requests to charge, the case is determined by the answer to the question, whether the special verdict and the judgment for Wright conclusively established that the sole cause of the injury was the accumulation of ice. That this fact is not rendered *res adjudicata* by this verdict and judgment is clear. The language of the special verdict, correctly construed, is not capable of the construction put upon it. It is suggested in argument that the question was designedly put to the jury for the purpose of being used as evidence in support of this very proposition. If this be so, it is inconceivable that the jury were not asked whether the ice was or not the sole cause. The written verdict is to be construed as other written documents are: to ascertain the meaning to the parties of the language used. For this purpose, " the situation of the

parties, their general purpose in the transaction, and all apparent circumstances connected therewith, are competent evidence of the intention expressed by particular words and phrases." *Kendall* v. *Green*, 67 N. H. 557, 563. The verdict, therefore, is to be read in the light of the questions submitted to the jury. They were properly instructed that Wright could not recover if his injury was due wholly to the negligence of his fellow-servants, but could recover if it was caused partly by the negligence of his fellow-servants and partly by negligence of the defendants. Their attention was not directed to the question whether the ice was the sole cause of the accident, but they were asked to consider whether the negligence of fellow-servants was the sole cause. As the argument is understood, it is that the negligence of Wright's fellow-servants derailed and left the car in that position upon the track; that if this negligence was the cause of the accident, Wright could not recover; that therefore the question presented to the jury for their determination was whether the derailed car (negligence of fellow-servants) or the accumulation of ice (negligence of Bracketts) caused the accident; and that the answer determined that Bracketts' negligence was the sole and the fellow-servants' no part of the cause of the injury. But, as has already been stated, that was not the question presented to the jury. Their answer was a decision of the material question submitted to them, whether negligence of Wright's fellow-servants was the sole cause of the injury, and not of the fact whether the obstructed track was the sole cause — a question which was immaterial in Wright's suit, and for that reason not submitted to the jury by the terms of the question or the general instructions. As the question of the railroad's contributory negligence was not determined in Wright's suit, it is not necessary to consider whether it could have been, so as to be decisive against these defendants in this suit.

The notice to the Bracketts was to come in and defend Wright's suit; not to appear and try out the question of their liability to the railroad. Assuming that, if they had appeared, suitable issues could have been framed and all questions involved between the parties could have been conveniently tried and settled at the same trial (*Oceanic etc. Co.* v. *Compania*, 134 N. Y. 461, 469), they did not come in and the questions were not tried. If the court had power, upon motion, to require them to appear as parties and try in Wright's suit all questions between them and these plaintiffs,— a point not considered,— no attempt was made to call such power into exercise.

The defendants moved for a verdict upon the ground that the plaintiffs had offered no evidence of their exercise of care. They offered the special verdict which the trial court ruled conclusively established the point. Such ruling was erroneous and is reversed.

The plaintiffs, therefore, should be given an opportunity to offer any evidence they may have upon the question. The exclusion of evidence offered by the defendants upon this issue was also erroneous. As it appears from the record that the question of negligence of the railroad in failing to inform Wright of the derailed car was not submitted to the jury in Wright's suit, the evidence offered as tending to show what the jury may have found by their general verdict was properly excluded.

There was no error in the trial of the issues that were tried. The defendants' request for an instruction relating to these issues was given in substance. The verdict of the jury in this case, upon the questions submitted to them, establishes that the defendants are in fault for the obstruction of the track and that the plaintiffs are not. As the only error consists in the failure to try an issue which is necessary to the plaintiff's case, there is no occasion for a retrial of the questions which the record shows were properly tried. The plaintiffs are not entitled to judgment until they procure a finding of fact in their favor upon the question of their own care.

*Exceptions sustained in part.*

CHASE and BINGHAM, JJ., did not sit: the others concurred.