## MANNING MFG. CO. v. HARTOL PRODUCTS CORPORATION OF NEW ENGLAND.

### No. 32.

Circuit Court of Appeals, Second Circuit.

Nov. 14, 1938.

Fred E. Gleason, of Montpelier, Vt. (H. Victor Crawford, of New York City, of counsel), for appellant.

Asa S. Bloomer, of Rutland, Vt., for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge.

The plaintiff, a Vermont corporation engaged in business in the city of Rutland, sold to a customer named Cloud five gallons of kerosene drawn from a tank recently filled by the defendant corporation, a wholesale dealer, from which the plaintiff purchased all its kerosene. The kerosene sold to Cloud was defective in having a flash point at a lower temperature than

the statutory requirement of 110° F.; because of this defect an explosion occurred while he was filling a lamp in his home, inflicting serious personal injuries upon him. He brought suit against the plaintiff and the latter made a reasonable settlement of the action after the defendant had refused to come in and defend it. The present action seeks recovery from the defendant of the amount of such settlement plus the plaintiff's expenses in connection therewith. The jury returned a verdict for $3,900 upon which judgment was entered for the plaintiff, and the defendant has appealed.

■ The appellant relies upon the general principle that one of several wrongdoers cannot recover indemnity from another unless his wrongdoing is shown to have been less culpable than that of the one from whom he seeks recovery. The argument is that here the "negligence" of the plaintiff and the defendant was of identical character, arising. from a failure by each party to make a test of the kerosene at the time of their respective sales; and hence the case falls squarely within the Supreme Court's decision of Union Stock Yards Co. v. Chicago, B. & Q. R. Co., 196 U.S. 217, 25 S.Ct. 226, 49 L.Ed. 453, 2 Ann.Cas. 525, where recovery of indemnity was denied because the railroad company and the terminal company had both been guilty of a like neglect of duty in failing properly to inspect a defective railroad car before putting it in use by persons who might be injured thereby. This argument, in our opinion, misconstrues 7899 of the Public Laws of Vermont upon which the plaintiff's liability to Cloud was predicated. That statute, as we read it, does not impose a duty of inspection upon the seller of kerosene, a breach of which is negligence; it goes much further and forbids any one to sell kerosene which will ignite at a temperature of less than 110° Fahrenheit. It makes each seller an insurer that the kerosene is of standard proof, regardless of inspection or of negligence. Under the provisions of the uniform sales act which was in force in Vermont, Pub.Laws of 1933, 7940, a sale of goods carries an implied warranty of merchantable quality. Therefore the defendant's sale to the plaintiff warranted that the kerosene was of the statutory proof, since merchantability of course includes compliance with what the law requires. See Williston, Sales, 2d ed., sec. 243. In addition there was evidence

from which an express warranty could have been found; but the implied warranty is sufficient. So the situation is like that in Boston Woven Hose & Rubber Co. v. Kendall, 178 Mass. 232, 59 N.E. 657, 51 L.R.A. 781, 86 Am.St.Rep. 478, cited by the Supreme Court in the Stock Yards Case as an exception to the general rule of non-contribution among wrong-doers. There the manufacturer of a boiler sold upon a warranty was held liable for the damages which the purchaser had been compelled to pay to one of its employees who was injured by the failure of the boiler to withstand the warranted pressure. Although the plaintiff was not justified as against Cloud in relying upon the defendant's warranty that the kerosene was of standard proof, there is no policy of the law which forbids the defendant from being held to make its representations good to the plaintiff. The parties are not in pari delicto, since as between themselves the plaintiff was entitled to rely upon the representations of the defendant's warranty. Where such reliance is justifiable the doctrine of non-contribution among wrong-doers is avoided and indemnity may be had from the party who supplied the dangerously defective article. Am.L.Inst., Restitution, sec. 93; Pfarr v. Standard Oil Co., 165 Iowa 657, 146 N.W. 851, L.R.A.1915C, 336; Wanamaker v. Otis Elevator Co., 228 N.Y. 192, 126 N.E. 718; Boston Woven Hose & Rubber Co. v. Kendall, 178 Mass. 232, 59 N.E. 657, 51 L.R.A. 781, 86 Am.St. Rep. 478; Boston & M. R. R. v. Brackett, 71 N.H. 494, 53 A. 304; Alaska S. S. Co. v. Pacific Coast Gypsum Co., 71 Wash. 359, 128 P. 654; The Lewis Luckenbach, 2 Cir., 207 F. 66. That the action was brought in tort rather than upon the contract is immaterial. In the Boston Woven Hose Case there was one count in tort and another in contract, but the opinion made no distinction between them. In Boston & M. R. R. v. Brackett, supra, indemnity was sought, as in the case at bar, in an action on the case. See, also, Williston Sales, 2d ed., sec. 197.

■ The appellant also contends that its motion for a directed verdict should have been granted on the ground that the evidence failed to prove that the kerosene delivered to the plaintiff was below the statutory standard. But there was proof that samples of the kerosene purchased by Cloud were below standard and there was evidence from which the jury could infer, as

it did, that no change in the quality of the the kerosene had taken place after its delivery to the plaintiff's tank. Clearly it was a jury question. No prejudicial error is found in the charge.

Judgment affirmed.