LUBA APPELL *v.* SCHNEIDER & POMERANTZ BAKING COMPANY, INC.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued June 9—decided July 12, 1939.

*Maurice W. Rosenberg,* for the appellant (defendant).

*Leonard S. Appell,* for the plaintiff (appellee).

JENNINGS, J. The plaintiff sued to recover the amount of a judgment secured against her by a customer who claimed to have been injured by a foreign substance in a loaf of bread, the plaintiff being a retailer and the defendant a baker. The finding is not subject to correction because no evidence was printed or available. The first question, therefore, is whether the finding supports the judgment. The judgment was rendered July 22d, the appeal taken September 9th, a "memorandum" was filed December 1st, a finding March 10th, and an amended finding April 1st, all in 1938 and 1939.

As far as can be ascertained from the very confused state of the record, the following facts were found: The plaintiff was the owner of a grocery store in New Britain. The defendant was a baker and caused its products to be sold to various stores as outlets to the general public, including the store of the plaintiff. A loaf of bread, baked by the defendant, reached the plaintiff's store in this way and was by her sold to a customer, Sadie Riccio. Through the negligence of the defendant, a tack had become imbedded in this loaf of bread and the customer was injured thereby. She brought suit against the plaintiff for breach of warranty and against the defendant for negligence. Judg-

ment was rendered in that suit against the plaintiff and for the defendant, which judgment the plaintiff paid. She then brought this suit against the defendant to recover the amount of that judgment, alleging negligence and breach of warranty.

On these facts the trial court concluded that the plaintiff was not negligent and relied on the superior skill and judgment of the defendant; that the defendant was negligent and as a result delivered to the plaintiff bread unfit for consumption as food; that this negligence was the proximate cause of the injury to the plaintiff's customer and of the resulting judgment against the plaintiff and that the defendant should reimburse her therefor. These conclusions indicate that the defendant was found liable both for breach of warranty and negligence. The defendant makes the point that there could be no breach of warranty as to the plaintiff because of lack of a finding that the parties dealt directly with each other. It is unnecessary to consider this question because all of the elements necessary to support a cause of action for negligence were present. The plaintiff was not negligent, the defendant was negligent and its negligence was the proximate cause of the special damage of the plaintiff. The finding supports the judgment. *Burkhardt* v. *Armour & Co.*, 115 Conn. 249, 264, 161 Atl. 385.

The defendant filed a special defense to the effect that it had been exonerated in the previous suit and (by implication only) that the matter was res adjudicata. The plaintiff demurred to this defense and the demurrer was sustained. This action is assigned as error. Both plaintiff and defendant were joint defendants in the original suit. The general rule is that a plaintiff's judgment under these circumstances is not conclusive as to the rights and liabilities of codefendants to each other unless they were in fact adversaries.

15 R. C. L. 1013, 1014. The special defense contained no allegation that they were adversaries or that any issue was litigated between them and this was one of the reasons for the demurrer. It follows that the demurrer was correctly sustained.

There is no error.

In this opinion the other judges concurred.