**Philomena Digregorio and Joseph Digregorio d.b.a Quality Market v. Champlain Valley Fruit Co., Inc.**
**Continental National American Group Insurance Companies**

[ 255 A.2d 183 ]

February Term, 1969

Present: Holden, C.J., Shangraw, Barney, Keyser, JJ., and Larrow, Supr. J.

Opinion Filed May 6, 1969

*Black, Wilson, Curtis & Bryan* for the Plaintiffs.

*A. Pearley Feen, Esq.,* and *Paul D. Sheehey, Esq.,* for the Defendant.

**Holden, C.J.** The plaintiffs, who operate the Quality Market in Burlington, purchased some bananas from the defendant Champlain Valley Fruit Company. One of the bananas contained a glass fruit

thermometer which had been inserted by the defendant wholesaler. The fruit that contained the thermometer, or fragments of the instrument, was retailed by the plaintiffs to Mrs. Barbara Malloy who injured her teeth when she undertook to eat the banana. She later brought an action to recover for the injury against the plaintiffs, alleging breach of warranty and negligence. The plaintiffs called upon the defendant Champlain Valley Fruit Company to enter and defend the action. Upon its refusal, it became necessary for the plaintiffs to employ counsel to defend them. The Champlain Valley Fruit Company was later joined as a party defendant. The personal injury action was settled without trial. Of the amount paid to compromise the claim, the paintiffs contributed $300 and the defendant Champlain Valley paid $1,200.

On the strength of these facts, which were submitted as an agreed case, the plaintiffs seek to recover their contribution to the settlement and reasonable expenses. The lower court ordered judgment for the plaintiffs in the amount of $968.23. The defendants, whom we refer to in the singular, bring this appeal.

■■ The defendant challenges the plaintiffs' right to contribution on the contention that the plaintiffs have only the standing of joint tort feasors, relying on *Spaulding* v. *Administrator of Oakes*, 42 Vt. 343. It seeks to support this position by stating that the evidence would have disclosed active fault by the plaintiffs had the Malloy action gone to full trial. The argument is based on facts beyond those agreed upon and entirely foreign to the record in this appeal. They are not available for consideration reviewing the result reached in the lower court. Only necessary inferences, that arise from the facts stated, can be drawn and the intendments are in favor of the party who prevailed below. *Hoosier Engineering Co.* v. *Shea*, 124 Vt. 341, 345, 205 A.2d 821; *St. Albans Hospital* v. *City of St. Albans*, 107 Vt. 59, 62, 176 A. 302.

■ In this light the most that can be said for the plaintiffs' misconduct is a failure to discover, in its retail operation, the presence of the thermometer which the defendant Champlain Valley had inserted in the banana. This shortage, of itself, will not defeat the plaintiffs' right to indemnity against the seller who put the harmful cause in motion. *Boston Woven Hose and Rubber Co.* v. *Kendall*, 178 Mass. 232, 59 N.E. 657, 51 L.R.A. 781 (opinion by Holmes, C.J.)

■ Under the Uniform Sales Act, the sale of the bananas— first by the defendant Champlain Valley Fruit Company and later by the paintiffs, as the Quality Market, carried an implied warranty that the food was wholesome and fit for human consumption at the time of purchase. *O'Brien* v. *Comstock Foods, Inc.,* 125 Vt. 158, 161, 212 A.2d 69. The fact that the injured consumer had a right of action against either the wholesaler or retailer, or both, does not disrupt the defendant's undertaking with the plaintiffs. On the showing made in the stipulated facts, there is no policy of the law which prevents the plaintiffs from holding the defendant to its implied warranty for such damage as the plaintiffs sustained from the purchase and resale of the dangerous commodity. *Manning Manufacturing Co.* v. *Hartol Products Corp. of New England,* 2 Cir., 99 F.2d 813, 814.

■ In the framework of this appeal we are not concerned with the contributions among wrongdoers who have violated equivalent duties, as in *Spaulding* v. *Administrator of Oakes, supra,* 42 Vt. at 349. See also *Oakes* v. *Spaulding,* 40 Vt. 347, 352-353. We are dealing with successive warranties implied by law which attended the initial, as well as the subsequent sale of defective foodstuff. Both parties to this controversy, as sellers, had duties and obligations to the injured consumer. *O'Brien* v. *Comstock Foods, Inc., supra,* 125 Vt. at 161, 212 A.2d 69. The plaintiffs were also buyers. And the defendant's warranty and duty extended to them, as well as to the person injured. Whether the original action was brought in contract or tort is of no consequence. *Manning Manufacturing Co.* v. *Hartol Products Corp., supra,* 99 F.2d at 814; *Appell* v. *Schneider & Pomerantz Baking Co.,* 126 Conn. 16, 8 A.2d 529, 530; 35 Am.Jur.2d, Food §97.

■ As between themselves, the parties to the present action are not in equal fault for the plaintiffs were entitled to rely on the defendant's warranty to them. In these circumsances indemnity is not precluded by the rule against contribution among wrongdoers. *Town of Roxbury* v. *Central Vermont Railroad Co.,* 60 Vt. 121, 139, 14 A. 92; *Town of Duxbury* v. *Vermont Central Railroad Co.,* 26 Vt. 751, 752; *Manning Manufacturing Co.* v. *Hartol Products Corp., supra* 99 F.2d at 814; *Boston Woven Hose and Rubber Co.* v. *Kendall, supra,* 59 N.E. at 657; *John Wanamaker, N.Y., Inc.* v. *Otis Elevator Co.,* 228 N.Y. 192, 126 N.E. 718, 720; 42 C.J.S. Indemnity §21; 41 Am.Jur.2d, Indemnity §§2, 25. Since it appears that the plaintiffs' fault in its duty

to the injured person was secondary to the initial negligence of the defendant, its right to restitution is established. Restatement, Restitution §§76, 93(1).

The defense offers further resistance. It urges that the plaintiffs' defense of the personal injury action and its contribution to the settlement were voluntarily undertaken and not subject to indemnity. The findings do not support the argument.

To protect the indemnitor's right to defend against liability, a voluntary payment by an indemnitee, without notice to the person sought to be charged, may foreclose restitution. *Peerless Casualty Co. v. Cole,* 121 Vt. 258, 266, 155 A.2d 866. The letter from plaintiffs' counsel to Chapmlain Valley, which is incorporated in the findings, fully protected its right to defend action and called upon it to do so. According to the findings, the defendant's refusal to defend in the first instance, made it necessary for the plaintiffs to undertake the defense. At this point the plaintiffs were entitled to proceed in good faith to reach a reasonable settlement. *Boston & Maine Railroad* v. *Howard Hardware Co.,* 123 Vt. 203, 210, 186 A.2d 184.

The fact that the defendant finally participated in the compromise indicates its acquiescence in the result it achieved. There is nothing in the findings to indicate the plaintiffs' contribution was unreasonable. And we cannot infer from the facts presented that the joint compromise with the claimant discharged the defendant from the obligation of its warranty to the retailer.

The judgment on the issue of liability must be affirmed. However, since the amount of the recovery awarded by the court below exceeds the damages stipulated by the parties, we will correct the error and enter judgment according to the agreed findings and within the *ad damnum* specified in the complaint.

*Judgment for the plaintiffs to recover $668.23, together with their costs.*