**Ray MARSHALL, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**W. P. POINTON, Jr., an Individual, Defendant.**

**No. CIV–79–1034–D.**

United States District Court, W. D. Oklahoma.

Nov. 5, 1980.

## ORDER

DAUGHERTY, Chief Judge.

 Plaintiff brings this action to enjoin Defendant from violating the provisions of §§ 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938 (Act), as amended, 29 U.S.C. § 201 et seq., and to restrain Defendant from withholding overtime compensation due his employees. Presently before the Court is Defendant's "Motion to Bring In Third-Party Defendant [sic]" wherein Defendant seeks permission to file a third-party complaint in this case against six individuals on the basis that the alleged violations of the Act were caused by the proposed third-party defendants' sabotage of Defendant's equipment.

Rule 14(a), Federal Rules of Civil Procedure, provides in part:

(a) *When Defendant May Bring in Third Party.* At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.

Rule 14(a) authorizes a defendant to bring into a lawsuit any person "not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." A third-party claim may be asserted under this Rule only when the third party's liability is in some way dependent on an outcome of the main claim or when the third party is secondarily liable to the defendant. *See, e. g., Gaines v. Sun Ray Oil Co.,* 539 F.2d 1136 (Eighth Cir. 1976); *Parr v. Great Lakes Express Co.,* 484 F.2d 767 (Seventh Cir. 1973); 6 Wright and Miller, *Federal Practice and Procedure:* Civil § 1446, at 246 (1971). The secondary or derivative liability notion is central and it is irrelevant whether the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or some other theory. 6 Wright and Miller, *supra,* at 246–248. The original defendant's

Max A. Wernick, Atty., James E. White, Regional Sol., Dallas, Tex., Carin A. Clauss, Sol. of Labor, Washington, D. C., Heriberto DeLeon, Counsel for Employment Standards, Dallas, Tex., for plaintiff.

Claude V. Sumner, Oklahoma City, Okl., for defendant.

claim against the third-party defendant cannot simply be an independent or related claim but must be based upon the plaintiff's claim against the original defendant. 6 Wright and Miller, *supra,* at 257. The crucial characteristic of a Rule 14 claim is that the original defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. *Id.* As the rule is designed to reduce multiplicity of litigation and therefore is remedial in character, it should be construed liberally. *E. g., United States v. Acord,* 209 F.2d 709 (Tenth Cir. 1954), *cert. denied,* 347 U.S. 975, 74 S.Ct. 786, 98 L.Ed. 1115 (1954). The granting or denial of impleader rests in the sound discretion of the trial court. *Farmers & Merchants Mutual Fire Insurance Co. v. Pulliam,* 481 F.2d 670 (Tenth Cir. 1973).

■ Upon examination of Defendant's proposed third-party complaint, the Court concludes that said pleading contains insufficient allegations to bring Defendant's claims against the proposed third-party defendants within the provisions of Rule 14(a), *supra,* as the various claims asserted by Defendant in his proposed third-party complaint do not appear to be dependent on the outcome of the main action. Therefore, the Court finds and concludes that Defendant's Motion to Bring in Third-Party Defendant [sic]" should be overruled.