**EAGLE STAR INSURANCE COMPANY OF AMERICA, suing on its own behalf and for the use and benefit of its Insured, Reader's Digest Association, Inc.**

v.

**METROMEDIA, INC., Notifier Company, and Notifier Engineering Northeast Corporation.**

**METROMEDIA, INC.**

v.

**NOTIFIER CO. and Notifier Engineering Northeast Co.**

**NOTIFIER ENGINEERING NORTHEAST CO.**

v.

**GENERAL ELECTRIC CO. and Fedders Corp.**

**METROMEDIA, INC.**

v.

**GENERAL ELECTRIC COMPANY and Fedders Corp.**

Civ. A. No. 82–321.

United States District Court, D. Vermont.

Jan. 5, 1984.

---

Paul Kulig of Keyser, Crowley, Banse, Abell & Facey, Rutland, Vt., for plaintiff.

F. Brian Joslin of Theriault & Joslin, Montpelier, Vt., for defendant Metromedia, Inc.

Harold Eaton of Miller, Norton & Cleary, Rutland, Vt., for defendant Notifier Engineering Northeast Corp.

Ritchie E. Berger of Dinse, Allen & Erdmann, Burlington, Vt., for third party defendant Fedders Corp.

Ellen Burgess of Ryan, Smith & Carbine, Rutland, Vt., for third party defendant Gen. Elec. Co.

## OPINION AND INTERLOCUTORY ORDER

HOLDEN, District Judge.

On October 27, 1983, the Magistrate recommended dismissal of the third party complaint of Metromedia, Inc. and the cross-claim of Notifier Engineering Northeast Company (NENC). Metromedia filed a timely written objection to the Magistrate's Report and Recommendation. A hearing on Metromedia's objection was held on November 29, 1983. For the reasons which follow, the court is persuaded that Metromedia's objections to the report of the magistrate must be sustained and the recommendation to dismiss the third party action overruled.[1]

## BACKGROUND

This is a diversity case in which Eagle Star Insurance Company of America is suing to recover the amount paid to its insured, Reader's Digest Association, Inc., for damages resulting from a fire which occurred on February 5, 1980, in a Rutland, Vermont warehouse owned and operated by Metromail, a division of defendant Metromedia. During this fire, materials owned by Reader's Digest and stored at Metromail's warehouse were destroyed. The plaintiff paid the losses sustained by its insured and seeks to recover on the subrogated claims of Reader's Digest against the defendants. In its complaint Eagle Star alleges that Metromedia was negligent in maintaining its premises and alarm systems, negligent in responding to the fire, and knew or should have known that a ceiling heating unit installed in the warehouse was dangerously defective in its design. Plaintiff also seeks to recover for negligence on the part of NENC in the sale, installation and servicing of the fire alarm systems in Metromedia's warehouse.

Metromedia, in turn, filed a third party complaint seeking indemnity from Fedders Corporation and General Electric Company. Metromedia alleges that the sole and proximate cause of the fire was the malfunctioning of a motor unit manufactured by General Electric and installed as a component part in a hot water ceiling heating unit manufactured by Fedders which was in use at Metromedia's warehouse. Metromedia seeks indemnification from Fedders and General Electric on theories of breach of implied warranty and strict products liability. Defendant NENC thereafter filed a cross claim against Fedders and General Electric for indemnification. General Electric and Fedders moved to dismiss Metromedia's third party complaint and NENC's cross claim.

The Magistrate recommended that the motions of Fedders and General Electric be granted. The Magistrate found that the allegations of plaintiff's complaint sounded in active fault. He ruled that, under Vermont law, defendants Metromedia and NENC were not entitled to indemnification from Fedders and General Electric.

## DISCUSSION

In reviewing the proceeding before the magistrate, the court turns first to Rule 14 of the Federal Rules of Civil Proce-

---

1. Since the only objection to Magistrate Niedermeier's report and recommendation is advanced solely by Metromedia and concerns only the third party action, the court's opinion and interlocutory order are confined to Metromedia's right to implead General Electric and Fedders as third party defendants.

dure which governs third party actions.[2] It provides in pertinent part:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to him for all or part of the plaintiff's claim against him.*

Fed.R.Civ.P. 14(a) (emphasis provided). The use of the word "claim" is intended to afford the defendant third-party plaintiff latitude in bringing its claim. *A.J. Kellos Construction Co. v. Balboa Insurance Co.*, 86 F.R.D. 544, 545 (S.D.Ga.1980). It "avoids the narrow concepts of 'cause of action' and employs instead the idea of the claim as a group of operative facts giving occasion for judicial action." *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir.1967).

▪ There are, however, some significant limitations to Rule 14. "The procedural device of impleader may be utilized only when the third-party complaint necessarily depends upon the outcome of the main claim against the defendant." *Index Fund, Inc. v. Hagopian*, 417 F.Supp. 738, 744 (S.D.N.Y.1976). *See also Marshall v. Pointon*, 88 F.R.D. 566, 567 (W.D.Okl. 1980); *A.J. Kellos Construction Co. v. Balboa Insurance Co., supra.* Professors Wright and Miller explain the federal rule:

> A third-party claim may be asserted under Rule 14(a) only when the third-party's liability is in some way dependent on the outcome of the main claim or when the third-party is secondarily liable to the defendant. The secondary or derivative liability notion is central and it is irrelevant whether the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or some other theory. But impleader is proper only when a right to relief exists under the applicable substantive law. If, for example, the governing law does not recognize a right to contribution or in-

demnity, impleader for these purposes cannot be allowed.

6 C. Wright and A. Miller § 1446 at 246–250 (1971).

▪ In this case Metromedia relies on a theory of limited indemnification as a basis for impleading Fedders and General Electric. Since this is a diversity action, the court is called upon to apply the law of Vermont regarding indemnification. Under Vermont law there generally is no right to contribution or indemnity among joint tortfeasors. *Spalding v. Administrator of Oakes*, 42 Vt. 343, 347 (1869). *Atkins v. Johnson*, 43 Vt. 78, 80 (1870); *Howard v. Spafford*, 132 Vt. 434, 321 A.2d 74 (1974).

Several cases have addressed the issue of implied warranty. This court recently had occasion to consider the question in *Powers v. Parallax, Inc.*, No. 81–16 (D.Vt., Jan. 13, 1983) (Coffrin, J.). In *Powers* a homeowner sought to recover against the architect who designed her dwelling. The architectural firm, assuming its liability on a theory of negligence, sought to hold the third party defendant secondarily liable in negligently designing the heating system installed in the original plaintiff's house. The court looked to the allegations in plaintiff's complaint to determine the nature of the defendant third-party plaintiff's liability. The court held that since the defendant third-party plaintiff's tort liability, if any, would be in negligence for active fault, contribution by way of the third-party complaint was barred.

Traditionally, the law of Vermont has set its face against contribution among actors whose wrongful acts jointly combine to cause harm to another. *E.g. Howard v. Spafford, supra*, 132 Vt. at 435, 321 A.2d 74. And it matters not whether the wrongdoing be intentional or negligent. *Atkins v. Johnson*, 43 Vt. 78 (1870). Yet recent developments have cut across the ancient formula by way of legislative action in the adoption of the comparative negligence statute, 12 V.S.A. § 1036 and the Uniform

---

**2.** The bringing of third-party complaints is also called impleader. *See* Advisory Committee

Notes to Fed.R.Civ.P. 14.

Commercial Code, 9A V.S.A. §§ 2–318 and 2–715.[3] *See Stannard v. Harris*, 135 Vt. 544, 546, 380 A.2d 101 (1977); *Howard v. Spafford, supra*, 132 Vt. at 437, 321 A.2d 74; *Wasik v. Borg*, 423 F.2d 44 (2d Cir. 1970); *Digregorio v. Champlain Valley Fruit Co.*, 127 Vt. 562, 564, 255 A.2d 183 (1969).

It is significant that Chief Judge Pierpoint's opinion in *Spalding v. Oakes, supra* at 347, took pains to avoid precluding indemnity among wrongdoers in all situations. The opinion notes foreseeable exceptions to the application of the general rule, namely:

> ... an express undertaking to indemnify against the consequences of such act, or omission to act, or the circumstances attending the transaction as between the parties, ... [are] such that the law will therefore imply an undertaking or raise an obligation on the part of the one to indemnify the other....

Clearly the circumstances will vary with each particular case. *Id.*

This court dealt with the problem under Rule 14, Fed.R.Civ.P., in terms of active and passive negligence as discerned from the allegation of the complaint in an action for wrongful death. *Viens v. Anthony Co.*, 282 F.Supp. 983 (D.Vt.1968). The third party complainant sought indemnification against five different third party defendants on the bare allegation—

> that if the defendant Anthony Company is found to be liable to the plaintiff that it is entitled to indemnification from each of the third-party defendants on the ground that any negligence on the part of the defendant, Anthony Company, was merely 'passive or secondary' in nature and, since the negligence on the part of each of the third-party defendants was 'active or primary' in nature that these circumstances raise an obligation on the part of the third-party defendants to indemnify Anthony Company for any loss which it might incur.

Judge Leddy's careful opinion held that these bare assertions were insufficient to state claims for which relief could be granted. In so doing, the importance of the distinction between contribution and indemnification was noted. The court referred to *Great American Insurance Co. v. Evans*, 269 F.Supp. 151, 154 n. 2 (N.D.Cal.1967) to the effect that unlike contribution, indemnity is founded on a special relationship existing between two tort feasors which shifts the entire loss on the real wrongdoer.

Soon after *Viens* was decided in the federal forum the Supreme Court of Vermont was confronted again with the question of the right of indemnity between actors who had participated in tortious conduct that

---

**3.** 12 V.S.A. § 1036 (1979) provides:

Contributory negligence shall not bar recovery in an action by any plaintiff, or his legal representative, to recover damages for negligence resulting in death, personal injury or property damage, if the negligence was not greater than the causal total negligence of the defendant or defendants, but the damage shall be diminished by general verdict in proportion to the amount of negligence attributed to the plaintiff. Where recovery is allowed against more than one defendant, each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed.

9A V.S.A. § 2–318 provides:

A seller's warranty whether express or implied extends to any natural person if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section.

9A V.S.A. § 2–715 provides:

(1) Incidental damages resulting from the seller's breach include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach.

(2) Consequential damages resulting from the seller's breach include

(a) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and

(b) injury to person or property proximately resulting from any breach of warranty.

caused harm to an innocent third person. *Digregorio v. Champlain Valley Fruit Co., supra,* 127 Vt. at 564, 255 A.2d 183. It is recalled that the plaintiff retailer and the defendant wholesaler of a banana that was contaminated by the latter joined in settlement of an action in negligence and breach of warranty for injuries suffered by the consumer of the product.

The supreme court held that indemnification was justified for two reasons: (1) Although the retailer was a link in the chain of causation of the final harm, he was entitled to indemnity against the original seller who put the instrument of harm in motion, *citing Boston Woven Hose and Rubber Co. v. Kendall,* 178 Mass. 232, 59 N.E. 657 (1903) (Holmes, C.J.). (2) The sale by the wholesaler carried an implied warranty of fitness which entitled the plaintiff, as an intermediate buyer of the commodity, for such damage as he might sustain arising from the purchase and resale of a dangerous commodity. *Digregorio v. Champlain Valley Fruit Co., supra,* 127 Vt. at 564–65, 255 A.2d 183.

Metromedia's third party claim for indemnity in the event it is found liable in the principal action to Reader's Digest's subrogee is similarly constituted and stands on footing equivalent to that which prevailed in *Digregorio, supra.* The plaintiff's complaint against Metromedia is for loss suffered in a fire which was started by a defective heating unit. Apart from the charge that the damaged property was improperly stored, the central theme of the Digest's complaint is that its bailee negligently failed to take adequate preventative caution. After discovering the fire, it failed to sound the alarm and summon assistance. The complaint, as amended, charged that Metromedia knew, or should have known, that the heating unit was dangerously defective in design. Such is often the nature of negligence charged against the intermediate actor who acquires and deals with a defective product that causes harm to another.

The essence of Metromedia's complaint against the third-party defendants is that it purchased the defective heating unit from Fedders. The system included a motor that was designed and manufactured by General Electric. This component of the unit was defective, became overheated and emitted sparks which ignited the fire that caused the loss which the plaintiff Eagle Star seeks to recover from Metromedia. Metromedia maintains that if it is held liable for the loss, it is entitled to indemnification from the manufacturer of the defective heating system and the faulty motor which caused the fire.

■■ Both the originator of the dangerous instrumentality and the subsequent owner owe duties to protect an innocent victim from its danger. And it matters not whether the injured person complains against the wrongdoer in tort or in contract. A duty arises on the part of the original supplier to indemnify his successor who has become liable to the person injured. There is no policy of the law which forbids a seller of a product from making good on his warranty to the buyer, whether the representation be expressed or implied. *Id.* 127 Vt. at 565, 255 A.2d 183; *Manning Manufacturing Co. v. Hartol Products Corp.,* 99 F.2d 813, 814 (2d Cir.1938) (Swan, J.); *Boston Woven Hose and Rubber Co., supra,* 59 N.E. at 658; Restatement Restitution § 95 (1937). *See also Bardwell Motor Inn v. Accavallo,* 135 Vt. 571, 573, 381 A.2d 1061 (1977).

Third-party defendant Fedders places reliance on *Morris v. American Motors Corp.,* 459 A.2d 968 (Vt.1982) in support of its motion to dismiss the third party action. This recent decision by the state supreme court provides little, if any, support to Fedder's position as the manufacturer of the accused hearing unit. The jury found the manufacturer liable in negligence to the injured plaintiff in the amount of $30,000. The jury undertook to enter a verdict in the third party action in favor of the automobile maker against the manufacturer of a defective component part to the extent of $15,000. The court declined to consider the third party defendant's argument regarding the automobile manufacturer's ability

to recover against the maker of the alleged defective part because "the jury believed it could only act as it did in regard to damages if it allowed recovery based on negligence." The court went on to cite *Viens v. Anthony, supra,* and *Digregorio v. Champlain Valley, supra,* with approval, but vacated the judgment against the third party defendant for the reason that the jury was not at liberty to apportion negligent fault between the supplier of the automobile and the maker of one of its components. 459 A.2d at 974. Such is not the case at hand.

For the reasons stated above, the court holds that in the event Metromedia is held liable to the plaintiff in the main action, it may look for indemnification from the supplier of the product that caused the fire, if such proof can be marshalled. In sum, the record at hand presents issues of fact that cannot be precluded from trial as a matter of law. Metromedia's objections to the magistrate's report are sustained. The motion to dismiss the third party action is denied.

It is so ORDERED.