# Michael Menard b/n/f Mildred Menard v. Frederick Merle Newhall, et al. and Daisy Division, Victor Comptometer Corp.

[373 A.2d 505]

No. 201-76

Present: **Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed February 1, 1977

*John K. Dunleavy* of *Burgess & Normand, Ltd.*, Montpelier, for Plaintiff.

*John Sartore* of *Paul, Frank & Collins*, Burlington, for Defendant Daisy.

**Billings, J.** On August 24, 1972, four grade school aged children engaged in a BB gun fight. As a result of the altercation, plaintiff-appellant Menard was struck in the eye and injured. The BB gun was owned and fired by defendant Newhall; it was manufactured and sold by defendant Daisy.

The parents of the defendant minors were joined in the action. Before jury empanelment, a settlement was reached between the plaintiff and defendants Newhall and Brule; however, no judgment was entered. Lack of a final judgment to these parties deprives this Court of jurisdiction. V.R.C.P. 54. By agreement of the parties, this Court dismissed the action with prejudice against all the defendants except Daisy. The dismissal with prejudice overcomes the procedural error and makes the summary judgment below, disposing of the matter by judgment

in favor of those defendants, a final and appealable judgment under V.R.C.P. 54(b) and V.R.A.P. 4.

Trial was commenced against defendant Daisy and, on the second day, the trial court granted defendant Daisy's motion for summary judgment. V.R.C.P. 56. The plaintiff appeals from that summary judgment.

Prior to the entry of summary judgment for defendant Daisy, the plaintiff stipulated as follows:

1. The plaintiff's claim was based solely upon the theory of strict liability as set forth in the Restatement (Second) of Torts § 402A (1965).

2. Mr. Newhall testified in a pretrial deposition that he had instructed his son in the use of the BB gun referred to in the complaint.

3. The only evidence the plaintiff's would introduce at trial on the issue of whether or not Daisy's alleged failure to warn was a proximate cause of the plaintiff's injury was contained in Mr. Newhall's deposition testimony.

Upon consideration of the stipulation, the trial court denied Daisy's Rule 12(b)(6) motion based upon no duty to warn of obvious dangers, but the trial court did grant the summary judgment on the ground that Mr. Newhall's deposition testimony established as a matter of law that Daisy's alleged failure to warn was not a proximate cause of plaintiff's injury. Mr. Newhall had testified that when he gave his son the Daisy BB gun that fired the shot, he instructed him "how to fire, and what to shoot at, and things like that".

■ This Court adopted Restatement (Second) of Torts § 402A (1965) in *Zaleskie* v. *Joyce*, 133 Vt. 150, 333 A.2d 110 (1975). Assuming that the seller or manufacturer had a duty to warn under the facts in the case at bar, a proposition not supported by the record here, § 402A requires that the plaintiff must prove not only that the lack of a warning made the product unreasonably dangerous and hence defective, but the plaintiff also has the burden of showing that the lack of a warning was a proximate cause of the injury. *Technical Chemical Co.* v. *Jacobs*, 480 S.W.2d 602 (Tex. 1972). If the defendant Daisy had a duty to warn of the dangers associated with the use of the BB gun and failed to do so, a presumption is created that the defendant would have read the warning and heeded it. In effect, a presumption of causation is

created in failure-to-warn cases. This does not impose absolute liability on the manufacturer, but merely shifts the burden to the manufacturer to go forward with the evidence. *Nissen Trampoline Co.* v. *Terre Haute First National Bank,* 332 N.E.2d 820 (Ind. App. 1975). Under such circumstances, as far as the case at bar is concerned, Daisy was obligated to go forward with evidence that the defendant Newhall would have ignored any warning given and, after introduction of that evidence, the presumption disappears. As Chief Justice Powers stated in *Tyrrell* v. *Prudential Insurance Co. of America,* 109 Vt. 6, 23-24, 192 A. 184 (1937):

> A presumption, of itself alone, contributes no evidence and has no probative quality. It takes the place of evidence, temporarily, at least, but if and when enough rebutting evidence is admitted to make a question for the jury on the fact involved, the presumption disappears and goes for naught. In such a case, the *presumption* does not have to be *overcome* by evidence; once it is confronted by evidence of the character referred to, it immediately quits the arena.

Once the plaintiff stipulated that the only evidence of causation was that Newhall's father instructed him in the use of the BB gun, the defendant Daisy's burden of going forward was sustained. Once the defendant Newhall ignored his father's instructions, no warning Daisy could have given would have prevented the accident; thus the presumption disappeared and there was no genuine issue of fact as to causation. The trial court did not err when it granted defendant Daisy's motion for summary judgment.

▮ Moreover, under these facts, the defendant Daisy was not required to warn of patent dangers or those dangers which are generally known and recognized. An obligation to warn arises when the product manufactured is dangerous to an extent beyond that which would be contemplated by the ordinary purchaser, *i.e.,* a consumer possessing the ordinary and common knowledge of the community as to the product's characteristics. *Atkins* v. *Arlans Department Store of Norman, Inc.,* 522 P.2d 1020, 1029 (Okla. 1974); *Burton* v. *L.O. Smith Foundry Products Co.,* 529 F.2d 108, 111 (7th Cir. 1976); *Pitts* v. *Basile,* 35 Ill.2d 49, 219 N.E.2d 472 (1966). A BB gun which is neither defectively designed nor manufactured is not dangerous beyond that which

would be contemplated by the ordinary consumer with the ordinary knowledge common to the community. A warning by the defendant Daisy that a BB gun, if fired at a person, could injure an eye, is nothing that even a seven-year-old child does not already know. The trial court erred in not granting defendant's motion to dismiss. V.R.C.P. 12(b)(6).

*Affirmed.*

**Barney, C.J.** did not sit.