Geraldine McCULLOCK,
Plaintiff–Appellant,

v.

H.B. FULLER COMPANY,
Defendant–Appellee.

No. 337 Docket 92–7477.

United States Court of Appeals,
Second Circuit.

Argued Oct. 15, 1992.

Decided Dec. 15, 1992.

Lawrin P. Crispe, Brattleboro, VT (Crispe & Crispe, of counsel), for plaintiff-appellant.

Michael B. Clapp, Burlington, VT (Dinse, Erdmann & Clapp, of counsel), for defendant-appellee.

Before: LUMBARD, ALTIMARI, and McLAUGHLIN, Circuit Judges.

LUMBARD, Circuit Judge:

Geraldine McCullock appeals from a judgment of the District Court of Vermont, Franklin S. Billings, Jr., J., entering judgment for the defendant H.B. Fuller Company denying her claim for damages suffered from exposure to fumes from hot melt glue manufactured by Fuller. McCullock argues that the district court erred in: (1) refusing to find her proposed expert witness qualified and (2) granting judgment as a matter of law in favor of Fuller. Although we believe that the district court's exclusion of plaintiff's expert testimony was proper, we agree that McCullock's claims should have been decided by a jury. We reverse.

McCullock worked at The Book Press, a bindery located in Brattleboro, Vermont, where she worked on a binding machine known as the "HC Binder" from 1986 to 1990. This machine utilized a hot melt glue manufactured and supplied by Fuller. McCullock claims she was injured when she was exposed to the vapors produced by the glue.

McCullock developed long-term vocal cord polyps and related illnesses. She initially had surgery to remove these polyps in September 1988 and underwent surgery

three more times to have additional polyps removed. She continues to suffer from hoarseness and throat irritation related to this condition.

McCullock originally brought suit against Fuller in Vermont Superior Court for Windham County alleging negligence, breach of express and implied warranties, and strict liability in tort. Fuller removed the case to the district court alleging diversity of citizenship.

At trial, McCullock testified that she worked approximately 30 feet from the glue pot, which lacked an exhaust ventilation system. This was the only glue pot in the bindery without a ventilation system. She said that she could occasionally smell the vapors from the glue, especially when the glue pot overheated. This testimony was corroborated by two other employees, her husband and Martin Bozetarnik. Dr. Fagelson, McCullock's medical expert, testified that her throat problems were due to prolonged exposure to the glue vapors.

Fuller did provide some warnings of this danger. A warning label was affixed to each box in which the hot melt glue was shipped. In accordance with regulations issued by the Occupational Health and Safety Administration ("OSHA"), this label identified the hazardous chemicals associated with the product, provided appropriate hazard warnings, and referred the purchaser, The Book Press, to the Material Safety Data Sheet ("MSDS"). *See* 29 C.F.R. § 1910.1200, Subpt. Z(f). A copy of the MSDS was sent to The Book Press. Both the product label and the MSDS warned that vapors from the hot melt glue might be "irritating" to the nose, throat, and respiratory track and that the glue should be used "only with adequate ventilation."

McCullock claimed that Fuller's failure to warn her adequately of the dangers of an unventilated glue pot rendered the product defective. McCullock testified that she never saw either the warning label or the MSDS because she did not transfer the glue from the shipping box to the glue pot. She also maintained that a Fuller representative who visited the bindery every three or four weeks knew that the glue pot was unventilated. McCullock's expert testimony was not introduced because Judge Billings refused to qualify McCullock's expert witness, Jack Woolley, finding that he lacked the necessary qualifications to testify to the adequacy of warnings provided by Fuller.

Following the close of McCullock's case, Judge Billings granted Fuller's motion pursuant to Rule 50 of the Federal Rules of Civil Procedure for judgment as a matter of law, ruling that Fuller had no duty to warn McCullock beyond the printed warning, and therefore, the printed warnings precluded liability.

*A. Exclusion of the Expert Testimony*

■ We affirm Judge Billings' exclusion of McCullock's expert witness. Rule 702 of the Federal Rules of Evidence provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise.

In reviewing decisions applying this standard, we have held that "[t]he broad discretion of the trial court to determine the qualifications of witnesses will not be disturbed unless its ruling was 'manifestly erroneous.'" *Fernandez v. Chios Shipping Co., Ltd.*, 542 F.2d 145, 153 (2d Cir. 1976) (citing *Salem v. United States Lines Co.*, 370 U.S. 31, 35, 82 S.Ct. 1119, 1122, 8 L.Ed.2d 313 (1962)).

The district court's decision not to qualify Woolley as an expert on the adequacy of Fuller's warnings was not manifestly erroneous. Woolley's training as an electrical and industrial engineer, along with his experience in the safety field, might qualify him to testify as to the need for a ventilation system, but that was not an issue in dispute. The adequacy of the warning labels was at issue, and Woolley is not an expert in that field because he lacks training or experience in chemical engineering, toxicology, environmental engineering, or the design of warning labels. We agree

with Judge Billings' finding that Woolley was not qualified as an expert witness.[1]

### B. *Judgment as a Matter of Law*

We believe Judge Billings erred in granting Fuller judgment as a matter of law. McCullock alleged that Fuller's failure to warn her of the dangers of working in close proximity to the inadequately ventilated glue pot rendered the product defective. This claim is based on Vermont law which provides that "a manufacturer's duty to warn of known product defects 'arises when the product manufactured is dangerous to an extent beyond that which would be contemplated by the ordinary purchaser, *i.e.*, a consumer possessing the ordinary and common knowledge of the community as to the product's characteristics.'" *Ostrowski v. Hydra–Tool Corp.*, 144 Vt. 305, 479 A.2d 126, 127 (1984) (quoting *Menard v. Newhall*, 135 Vt. 53, 373 A.2d 505, 507 (1977)).[2]

 Judge Billings rejected McCullock's theory of liability, finding that a manufacturer has no duty to warn the employees of a purchaser about the dangers of the product purchased. We disagree. This finding is inconsistent with Vermont law. In *Ostrowski*, the Supreme Court of Vermont ruled that a manufacturer's duty to warn "should not be limited to purchasers but extended to employees of purchasers as well." *Id.* 479 A.2d at 128. (citations omitted). Applying this principle, we find that Fuller may be liable to McCullock for failure to warn.

■ Whether Fuller's warnings to McCullock were adequate is a question of fact. In *Noto v. Pico Peak Corp.*, 469 F.2d 358 (2d Cir.1972), we applied Vermont law and ruled that the question of whether a manufacturer provided adequate warnings about foreseeable dangers "was a question properly left to the jury deliberating with the guidance of appropriate instructions." *Id.* at 360. This is consistent with the general trend in tort law towards allowing the trier of fact to determine the adequacy of a product's warning. *See, e.g., Gracyalny v. Westinghouse Elec. Corp.*, 723 F.2d 1311, 1321 (7th Cir.1983) (applying Wisconsin law and noting "[t]he adequacy of a particular warning is a question of fact to be decided by a jury"); *Billiar v. Minnesota Mining and Mfg. Co.*, 623 F.2d 240, 246 (2d Cir.1980) ("To our knowledge, no case applying New York law has held a warning adequate as a matter of law"). Thus, whether Fuller's failure to warn McCullock about the fumes from the glue rendered the glue unreasonably unsafe is a question that must be decided by the jury.

Finally, we reject Fuller's argument that compliance with OSHA's labeling requirement insulates it from liability for failure to warn. It is Fuller's failure to warn McCullock, not alleged omissions in the warning labels, that gives rise to her claim. Fuller's compliance with the OSHA requirements governing the contents of the warning was not enough to defeat McCullock's claim.

Reversed.

---

**1.** We note that if Fuller argues at trial that McCullock was outside the zone of danger then Woolley should be qualified as an expert if his testimony is so offered.

**2.** The *Ostrowski* court applied a single standard to plaintiff's claims of negligent failure to warn and strict products liability. 479 A.2d at 126–

127. Thus, Vermont appears to have adopted the position that in failure to warn cases, a strict liability claim and a negligence claim are essentially the same. We have reached the same conclusion under New York law. *See Fane v. Zimmer*, 927 F.2d 124, 130 (2d Cir.1991).