### Town of Bridport v. Sterling Clark Lurton Corp.

[693 A.2d 701]

No. 96-083

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed March 14, 1997

*John B. Webber* and *John H. Klesch* of *Hull, Webber & Reis,* Rutland, for Plaintiff-Appellant.

*Allan R. Keyes* and *Marion T. Ferguson* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Defendant-Appellee.

**Johnson, J.** Plaintiff, the Town of Bridport, brought suit against defendant Sterling Clark Lurton Corp. after its town hall was destroyed by a fire caused by the spontaneous combustion of products manufactured by defendant. Plaintiff appeals the trial court's grant of summary judgment in favor of defendant, arguing that (1) an inadequate warning may be a proximate cause of an injury even

though the user did not read the warning given; and (2) a genuine issue of material fact exists as to the adequacy of the warnings given in this case. Defendant urges us to accept the court's conclusion that plaintiff failed to show proximate cause, and also argues that it had no duty to warn on these facts. We agree with the trial court that, as a matter of law, the warnings on defendant's products were adequate to alert a reasonable consumer to the risk of spontaneous combustion, and therefore affirm.

## I.

Summary judgment is appropriate only if defendant has established first, that there is no genuine issue of material fact and second, that defendant is entitled to judgment as a matter of law. See *Murray v. White*, 155 Vt. 621, 628, 587 A.2d 975, 979 (1991). Plaintiff must be given the benefit of all reasonable doubts and inferences, and all allegations opposing the motion for summary judgment that are supported by evidence must be taken as true. *Messier v. Metropolitan Life Ins. Co.*, 154 Vt. 406, 409, 578 A.2d 98, 99-100 (1990).

Viewing the parties' allegations in light of this standard, the facts are as follows. With the help of grants, donations and volunteer labor, the Bridport Restoration Project Committee was gradually restoring the old town hall. Although plaintiff owned the hall, the Masonic Lodge leased the second floor of the building as a meeting room. In preparation for an upcoming dinner, several Masons decided to work on the floor, which was in poor condition as a result of the renovations.

One of the Masons, Robert Grant, volunteered to purchase the chemicals needed to prepare the floor. He bought two products, a gallon container of gum turps and a gallon container of boiled linseed oil, both manufactured by defendant. Grant stated in his deposition that he did not read the labels "to any extent" but that he thought he had "briefed the label" for application instructions. On the advice of a store clerk, he mixed the products using a 50/50 ratio.

Another volunteer, Gary Barkley, joined Grant at the hall. Barkley never looked at the product containers. The two men spread the mixture of linseed oil and gum turps on the floor and swept or mopped it up with sawdust that was provided by Margaret Sunderland, the Secretary of the Restoration Project Committee. When Barkley and Grant left the hall, they left behind the materials used to clean the floor, including a bucket containing the wet, oily sawdust, the product containers, and possibly a mop used to clean the floor. The building burst into flames the next day, and the fire was traced to the materials used to clean the floor.

The appearance and content of the warnings labels on the products are not in dispute. The front of the gum turps container stated "DANGER! FLAMMABLE. HARMFUL OR FATAL IF SWALLOWED. VAPOR HARMFUL. SKIN AND EYE IRRITANT. See other cautions on back panel." These capitalized warnings were set forth in large, bold print directly beneath the identifying product label. The back panel contained a box with several warnings regarding dangers from breathing, swallowing, and suffering skin or eye contact with the product, as well as an instruction to "Keep away from heat, sparks and flame." Under the box, a paragraph labeled "USES" noted "When mixed one part Gum Turpentine to two parts Boiled Linseed Oil it makes an excellent furniture polish. Be sure to wash and dispose of oily rags in a safe place to avoid spontaneous combustion."

Similarly, the front of the linseed oil container displayed a box measuring nearly 1" by 3", which stated "READ CAUTION ON BACK PANEL BEFORE USE." The back of the panel displayed a box about 1" by 4", printed in two colors, which set forth this warning: "CAUTION: Oily cloths are subject to spontaneous combustion. All oily cloths should be spread to dry in airy spot or burned promptly after using."

Plaintiff alleged that these warnings were inadequate, and that the manufacturer's failure to provide adequate warnings was a proximate cause of the fire. Defendant moved for summary judgment, arguing that plaintiff could not show that inadequate warnings were a proximate cause of the fire where the users of the products did not read the warnings given. The trial court accepted this reasoning, and awarded summary judgment to defendant. Plaintiff moved for relief from judgment on the grounds that one factor in determining the adequacy of a warning is its conspicuousness on a label. The court rejected this argument, noting that plaintiff's failure to "present[] . . . evidence of what a reasonable linseed oil warning should be . . . . [left] no triable question of fact for resolution by the jury," and holding that the warnings given were sufficient as a matter of law. This appeal followed.

## II.

Plaintiff's claims are premised on a manufacturer's duty to warn of known product defects, which "'arises when the product manufactured is dangerous to an extent beyond that which would be contemplated by the ordinary purchaser, i.e., a consumer possessing

the ordinary and common knowledge of the community as to the product's characteristics.'" *Ostrowski v. Hydra-Tool Corp.*, 144 Vt. 305, 308, 479 A.2d 126, 127 (1984) (quoting *Menard v. Newhall*, 135 Vt. 53, 55, 373 A.2d 505, 507 (1977)). In "failure to warn" cases, the plaintiff must show that the manufacturer had a duty to warn, that the failure to warn made the product unreasonably dangerous and therefore defective, and that the lack of a warning was a proximate cause of the injury. *Menard*, 135 Vt. at 54, 373 A.2d at 506; see also *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044-45 (2d Cir. 1995) (outlining plaintiff's burden in failure to warn case under Vermont law).

▮ Proximate cause in these cases is typically shown by means of a presumption. If a plaintiff can demonstrate that the manufacturer had a duty to warn and failed to provide an adequate warning, a causal presumption arises that had an adequate warning been provided, the user would have read and heeded the warning and the accident would have been avoided. See *Menard*, 135 Vt. at 54-55, 373 A.2d at 506-07 (adopting "read and heed" presumption); Restatement (Second) of Torts § 402A cmt. j (1965).

A defendant may, of course, present evidence to overcome the presumption. See *Menard*, 135 Vt. at 55, 373 A.2d at 506-07 (where child ignored instructions given by father, presumption that warning would have been read and heeded disappeared). Defendant argues, relying on *Menard*, that the evidence in this case that the product users did not read the warnings on the containers rebuts the presumption, leaving no evidence of proximate cause.

▮ Defendant reads our holding in *Menard* too broadly. In that case, a child playing with a BB gun shot and injured a friend. The plaintiffs argued that the manufacturer should have warned of this danger. The child's father, however, had instructed his son in the use of the weapon, including what kinds of things he could shoot. The child ignored those instructions when he shot at his playmate. Under those circumstances, the "read and heed" presumption disappears; if the user is cautioned of the risk and ignores that advice, there is no reasonable basis to assume that the user would have heeded a warning from the manufacturer. Cf. *Neff v. Coleco Indus., Inc.*, 760 F. Supp. 864, 868 (D. Kan. 1991) (pool manufacturer's failure to warn of dangers of diving into shallow water not proximate cause of plaintiff's injuries; plaintiff had some swimming and diving experience, had previously been in same and similar pools, and knew water was only

four feet deep), *aff'd mem.*, 961 F.2d 220 (10th Cir. 1992).

Here, Grant was not aware of the risk, nor did he read the warnings on the containers and then disregard them. Plaintiff's claim that inadequate warnings were a proximate cause of the accident does not fail as a matter of law merely because Grant did not read the warnings. To be adequate, a warning must be displayed so as to catch the eye of a reasonably prudent person. See, e.g., *Spruill v. Boyle-Midway, Inc.*, 308 F.2d 79, 85 (4th Cir. 1962) (where manufacturer has duty to warn, warning must be in such form as to catch attention of reasonably prudent person); *Payne v. Soft Sheen Prods., Inc.*, 486 A.2d 712, 723 n.12 (D.C. 1985) ("The adequacy of a warning 'depends, not only on its content, but also on its ability to catch the eye, inducing the user to read it.'") (quoting *Ferebee v. Chevron Chem. Co.*, 552 F. Supp. 1293, 1303 (D.D.C. 1982)). Although Grant did not look at the warnings, plaintiff still could show that inadequate warnings were a proximate cause of the fire by establishing that the warnings were not properly designed to draw the attention of a reasonably prudent person. See *Nowak v. Faberge U.S.A., Inc.*, 812 F. Supp. 492, 498 (M.D. Pa. 1992) (even when warning is given, failure to read it does not necessarily bar recovery where plaintiff challenges adequacy of manufacturer's efforts to convey dangers of product to user; jury could conclude that warning should have been presented in manner immediately obvious to even casual reader); *Shell Oil Co. v. Gutierrez*, 581 P.2d 271, 280-81 (Ariz. Ct. App. 1978) (rejecting manufacturer's argument that inadequate labelling was not cause of injury because user did not read the warning given; jury could have concluded that label was too small and that larger, more conspicuous label would have been seen, read and heeded); *Johnson v. Johnson Chemical Co.*, 588 N.Y.S.2d 607, 612 (App. Div. 1992) (failure of user of roach bomb to read warnings given did not necessarily sever causal connection between alleged inadequacy of those warnings and occurrence of accident; one aspect of adequacy of warning is prominence with which it is displayed).

Defendant points to several cases in which courts have held that a user's failure to read a warning removed any causal connection between the inadequacy of the warning and the accident. In those cases, however, the conspicuousness of the warning was not at issue. See, e.g., *Stanback v. Parke, Davis & Co.*, 657 F.2d 642, 645 (4th Cir. 1981) (where physician testified that he already knew of risk associated with flu vaccine, and did not inform patients of warnings accompanying vaccines, manufacturer was not liable for failure to

warn); *Bloxom v. Bloxom*, 512 So. 2d 839, 850-51 (La. 1987) (auto manufacturer had duty to warn of danger in manual, but as owner of car never looked at or read manual, manufacturer was insulated from liability for its failure to do so); *Felice v. Valleylab, Inc.*, 520 So. 2d 920, 926-27 (La. Ct. App. 1987) (manufacturer of electrosurgical unit should have warned of danger of using machine on small appendages, but as doctor never read manual or warning on machine, adequate warning would have been futile). Here, plaintiff squarely raised the conspicuousness of the warnings as an issue; in its memoranda opposing the motion for summary judgment plaintiff argued that the warnings were inadequate in both form and content.

## III.

As an alternate ground in support of the court's decision, defendant argues that summary judgment was proper because no genuine issue of material fact exists with respect to the conspicuousness of the warning labels on the product containers. The trial court adopted this reasoning in its denial of plaintiff's motion for reconsideration. Defendant correctly notes, as did the court, that plaintiff did not produce evidence to support its allegation that the warnings were insufficiently prominent. Plaintiff defends this omission on the grounds that counsel for both parties had agreed to postpone depositions of expert witnesses pending decision on the motion for summary judgment. Apparently both parties believed that defendant's motion for summary judgment turned on issues unrelated to the adequacy of the warnings.

Defendant's argument that plaintiff failed to show proximate cause cannot be separated from the adequacy of the warnings, however, because in this case the two issues are closely intertwined. See *Stanley Indus., Inc. v. W.M. Barr & Co.*, 784 F. Supp. 1570, 1575 (S.D. Fla. 1992) ("Plaintiff's contention that the defendants inadequately conveyed warnings . . . demonstrates the overlapping of adequacy and proximate cause . . . ."). Under these facts, where the user did not read the warning given, plaintiff can show proximate cause only by showing that the warning should have been more conspicuous. Plaintiff could not survive summary judgment by claiming that adequacy was an issue for the jury without providing evidence that the warnings were in fact inadequate. See *Gore v. Green Mountain Lakes, Inc.*, 140 Vt. 262, 266, 438 A.2d 373, 375 (1981) (allegations alone cannot create triable issues of fact). Although the

parties may have wished to defer presenting expert testimony until the trial, plaintiff could not escape its burden of demonstrating to the court the existence of a genuine issue of material fact. ˙˙

We recognize that, where a warning has been provided by the manufacturer, ordinarily the sufficiency of that warning is a question for the jury. See, e.g., *Bushong v. Garman Co.*, 843 S.W.2d 807, 810 (Ark. 1992) ("adequacy of a warning is generally a question of fact for the jury"). In a proper case, however, a court may conclude that the sufficiency of a warning is apparent as a matter of law. *Pruitt v. P.P.G. Indus., Inc.*, 895 F.2d 734, 736 (11th Cir.), *cert. denied*, 498 U.S. 899 (1990); *Copeland v. Ashland Oil, Inc.*, 373 S.E.2d 629, 630 (Ga. Ct. App. 1988). The warnings at issue in this case were bold and prominent, and warned of the dangers of fire and spontaneous combustion. As plaintiff presented no evidence showing that the warnings were not sufficiently conspicuous, the court's grant of summary judgment was proper.

*Affirmed.*