12-1525-cv
Wilson v. Glenro, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand thirteen.

Present:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> CHRISTOPHER F. DRONEY,
>
> *Circuit Judges.*

_____

Cory Wilson,

> *Plaintiff–Appellant*,

> v.                                                                    No. 12-1525-cv

Glenro, Inc.,

> *Defendant–Appellee*,

_____

FOR APPELLANT:              EDWIN HOBSON (Susan J. Flynn, *on the brief*), Clark Werner & Flynn, P.C., Burlington, VT.

1

FOR APPELLEE:          WESLEY HORTON (Karen L. Dowd, Brendon P. Levesque, *on the brief*) Horton, Shields & Knox, P.C., Hartford, CT, (Jon Alexander, Sheehey, Furlong & Behm, Burlington, VT, *on the brief*).

---

Appeal from a judgment of the United States District Court for the District of Vermont (Reiss, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff–Appellant Cory Wilson ("Plaintiff") appeals from summary judgment of the district court, entered on March 23, 2012, dismissing his claims against Glenro, Inc., ("Defendant") for strict liability, breach of implied warranty of merchantability, and negligence related to Defendant's alleged failure to warn about dangers of Defendant's product that led to Plaintiff's injury. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review the grant or denial of a motion for summary judgment *de novo*. *Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). We resolve all ambiguities and draw all permissible factual inferences in favor of the nonmoving party. *See Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004). If there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment was sought, then we must conclude summary judgment was improper. *See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 82–83 (2d Cir. 2004). The "mere existence," however, "of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis omitted).

Although the plaintiff has pleaded claims for strict liability, breach of implied warranty of merchantability, and negligence, each claim is premised upon the defendant's failure to warn. "While strict liability and negligence are analytically distinct claims, [under Vermont law] they become one where liability rests on a failure to warn." *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995) (citing *Ostrowski v. Hydra-Tool Corp.*, 479 A.2d 126, 127 (Vt. 1984)); *see also Moffitt v. Icynene, Inc.*, 407 F. Supp. 2d 591, 599 (D. Vt. 2005) ("The warranty of merchantability under the [Vermont] UCC is equivalent to strict product liability."). To survive summary judgment on claims premised on "a 'failure to warn' theory, plaintiff must provide evidence from which a reasonable jury could find: (1) that defendant owed a duty to warn plaintiff; (2) lack of warning made the product unreasonably dangerous, hence defective; and (3) defendant's failure to warn was the proximate cause of plaintiff's injury." *McCullock*, 61 F.3d at 1044; *see also Kellogg v. Wyeth*, 762 F. Supp. 2d 694, 700 (D. Vt. 2010). The district court considered only whether the Defendant owed a duty to warn Plaintiff, concluding as a matter of law that it did not. We agree.

Under Vermont law, a manufacturer, like the Defendant, has a duty to warn "when it knows or has reason to know of dangers inherent in the product at the time the product is sold, or when the product is dangerous to an extent beyond that which would be contemplated by an ordinary consumer." *Needham v. Coordinated Apparel Grp., Inc.*, 811 A.2d 124, 129 (Vt. 2002) (internal quotation omitted). This includes any "latent danger beyond the knowledge of an ordinary consumer," *id.*, but not those dangers that are "patent" or "generally known and recognized." *Menard v. Newhall*, 373 A.2d 505, 507 (Vt. 1977). Here, the Plaintiff and his expert conceded that there were no inherent defects or dangers in Defendant's product at the time of its sale. Furthermore, Plaintiff cannot refute that, as a matter of law, the record shows the

3

Defendant could not have reasonably foreseen the danger alleged to have injured the Plaintiff. Thus, even though a manufacturer's duty to warn "extend[s] to employees of purchasers as well," *Ostrowski*, 479 A.2d at 128, Plaintiff nevertheless fails to show that Defendant owed any duty to warn Plaintiff's employer. This is fatal to Plaintiff's claim.

The dangers that Plaintiff asserts were the proximate cause of his injuries all relate to his employer's incorporation of Defendant's product into its production line, including the temperature settings, line speeds, and access points for maintenance. Defendant cannot be said to owe Plaintiff's employer any duty to warn about dangers specific to the undisclosed risks that the employer created in incorporating Defendant's product into its supply line when the employer exclusively controlled such integration, had more specific technical knowledge of its process and PTFE-sintering generally than Defendant, and never asked Defendant's advice about its product. Accordingly, Defendant, a designer-manufacturer, could not reasonably have foreseen the dangers that gave rise to Plaintiff's injuries when such dangers do not relate to the independent operability of Defendant's product, but instead relate solely to the dangerous way in which Plaintiff's employer used that product in its proprietary methods.

Plaintiff contends also that whether the Defendant owed Plaintiff a duty to warn is a question of disputed fact because such an inquiry involves a determination of reasonable foreseeability. We disagree. The determination of whether there is a legal duty is a question of law "dependent upon a variety of relevant factors . . . of which foreseeability of the risk is a primary consideration." *Kellogg*, 762 F. Supp. 2d at 705 (internal quotation marks omitted). Reasonable foreseeability is the "[a]pplication of a legal standard to facts" that, when such facts are not in genuine dispute, we determine as a question of law. *United States v. Ekwunoh*, 12 F.3d 368, 372 (2d Cir. 1993). Here, reasonable jurors could not disagree that Defendant had no

4

knowledge of the specific integration or proprietary process in which Plaintiff's employer intended to use its product. Rather, Defendant simply delivered its product—one that could be used in a wide variety of applications—to a customer it might have known from public information, at most, engaged in sintering. Indeed, Plaintiff's own expert testified that the "level or scope" of any danger from Plaintiff's employer's PTFE processing "would not have been reasonably known to Glenro . . . ." Such undisputed facts permit us to conclude that Defendant could not reasonably foresee its product posed the dangers alleged to have caused Plaintiff's injuries.

We have considered all of Plaintiff's other arguments and found each of them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk