Vermont Mut. Ins. Co. v. Mountain Plumbing & Heating et. al., No. 390-10-08 Bncv (Wesley, J., Sept. 20, 2013).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## VERMONT SUPERIOR COURT

| | |
|---|---|
| **SUPERIOR COURT**<br>**Bennington Unit** | **CIVIL DIVISION**<br>**Docket No. 390-10-08 Bncv** |

| | |
|---|---|
| **Vermont Mutual Insurance Company,**<br>**Plaintiff.**<br><br>**v.**<br><br>**Mountain Plumbing & Heating; Haskin**<br>**Gas Service, Inc.; Westcast, Inc; The**<br>**H.B. Smith Company; and, Mestek, Inc.,**<br> **Defendants.** | |

## Opinion & Order
## Granting Defendant Westcast's Motion for Summary Judgment

In this subrogation action, Plaintiff sues Defendants Mountain Plumbing & Heating and Haskin Gas Service for negligent installation of a boiler. Plaintiff also claims a right to recover against the manufacturer on a theory of products liability. Plaintiff insured the property. Plaintiff alleges the property burned as a result of a fire caused by the boiler, and now Plaintiff sues as a subrogee for the owner of the home. Westcast designed the boiler. The H.B. Smith Company manufactured the boiler. Mestek owns Westcast. Mountain Plumbing & Heating sold, delivered, and installed the boiler. Haskin Gas ran propane lines to the boiler. The only claim against Mestek, Westcast, and H.B. Smith[1] is that they failed to adequately warn against installing the boiler over a combustible surface.

### Procedural History

On June 12, 2013, Westcast moved for summary judgment. Westcast argued it cannot be liable to Plaintiff because the warning in its manual was adequate and because the installers knew it was improper to install a boiler over a combustible surface. On July 29, 2013, Plaintiff, joined by Haskin Gas,[2] opposed Westcast's motion for summary judgment. Plaintiff argued Westcast's motion only addressed Plaintiff's claim for failure to warn and not its claim for strict products liability. Plaintiff also argued the adequacy of warning is a question of fact not properly resolved by summary judgment. Westcast responded to both oppositions on August 26, 2013.

### Factual Background

The facts necessary to the resolution of the motion are not disputed. The fire occurred when the boiler generated sufficient heat to ignite a wooden sill. At the time of the incident, the boiler sat partially—less than one inch—over the wooden sill in the garage. Despite the

---

[1] For the purpose of this order, the Court refers to these three entities as Westcast.

[2] Although arguing against Westcast's motion for summary judgment as to Plaintiff's complaint, Haskin Gas as Westcast's co-defendant has made no separate claim against Westcast.

placement of the boiler in direct contact with the wooden sill, the installers did not employ either the manufacturer's special base plate, or any other type of base plate to protect the combustible surface. After the wooden sill ignited, the fire spread to the rest of garage and to the house.

Westcast designed, manufactured, and distributed the boiler. The instruction manual for installers contained a warning that the boiler should not be installed over a combustible surface without the use of a special base designed by the manufacturer. Westcast sold this special base plate to protect combustible surfaces if installers needed to install the boiler over such a surface.

Neither Mountain Plumbing, which initially installed the boiler, nor Haskins Gas, which made the connections between the boiler and the propane tank, admit to having caused the boiler to be placed partially on the combustible sill. Another company which is not a party, Carroll Mechanical, serviced the boiler on several occasions in 2004 and 2005 after installation. Notwithstanding any uncertainty as to the responsible party for the installation or repositioning of the boiler, however, the facts are uncontroverted that each potentially responsible party was well-aware of the dangers of placing the boiler over a wood surface without a protective base plate. Representatives of Mountain Plumbing, Haskins Gas and Carroll Mechanical stated at depositions that they knew it was improper to install a boiler over a combustible surface without such protection.[3]

---

[3] Timothy Walker, of Mountain Plumbing, who supervised the installation of the boiler, testified at a deposition on March 27, 2012.

> Q. If you were doing an installation of a boiler, would you put the boiler partly over a wooden sill like that?
> A. No.
> Q. Why is that?
> A. Well, without a—unless you put a base under it?
> Q. Why is that?
> A. Because it's wood.
> Q. I think I followed your logic, but why is it that it would concern you that some piece of wood was partly covered by the boiler?
> A. Because if you put the boiler on the wood, then you need the base.

Deposition of Timothy Walker (March 27, 2012), p.30–31.

> Q. If Mountain Plumbing did install the boiler seven-eights of an inch over that wooden still plate, would you agree with me that Mountain Plumbing made a mistake?
> A. If they did. But I—I mean, I would pretty much guarantee that they—that they wouldn't.
> Q. But you would agree that that would be a mistake to install it in that manner?
> A. Yep.

*Id.*

Peter Haskins, of Haskins Gas, also testified at a deposition.

> Q. Do I understand from your testimony that if this boiler was on top of the sill plate as the theory suggest, that it was, that for anyone noticing that, any of your service people noticing that, that would be a red tag even?
> A. Yeah. Yeah. I mean it's—to notice something like that, it's like building a camp fire on your wooden deck. I mean you just don't do it.

Deposition of Peter Haskins (March 30, 2012), p. 90.

John Carroll of Carroll Mechanical also testified, in response to a question whether if other evidence showed that the boiler had been placed over a wooden sill "would you consider that a combustible? A. Yes, if I had seen something like that I would have identified that as a problem." Deposition of John Carroll (Jan. 25, 2012), p. 58–59.

<u>Standard of Review</u>

The Court grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). The Court makes all reasonable inferences and resolves all doubts in favor of the non-moving party. *Lamay v. State*, 2012 VT 49, ¶ 6, 191 Vt. 635. Nevertheless, the non-moving party cannot rely solely on the pleadings to rebut credible evidence. *Boulton v. CLD Consulting Eng'rs, Inc.*, 2003 VT 72, ¶ 5, 175 Vt. 413.

<u>Discussion</u>

The significant issue presented by Westcast's motion is whether its alleged failure to include an adequate warning was a proximate cause of Plaintiff's injury. "In 'failure to warn' cases, the plaintiff must show that the manufacturer had a duty to warn, that the failure to warn made the product unreasonably dangerous and therefore defective, and that the lack of a warning was a proximate cause of the injury." *Bridport v. Sterling Clark Lurton Corp.*, 166 Vt. 304, 308 (1997). "If a plaintiff can demonstrate that the manufacturer had a duty to warn and failed to provide an adequate warning, a causal presumption arises that had an adequate warning been provided, the user would have read and heeded the warning and the accident would have been avoided." *Id.*; *see also* Restatement (Second) of Torts § 402A cmt. j (explaining warnings in product liability cases).

In *Bridport*, the Supreme Court upheld summary judgment in favor of the manufacturer. Although those responsible for careless handling of materials that resulted in a fire, due to spontaneous combustion, failed to read the warnings accompanying the dangerous products, the Court found no proof of proximate cause. The Court held: "Plaintiff could not survive summary judgment by claiming that adequacy (of the warning) was an issue for the jury without providing evidence that the warnings were in fact inadequate." *Bridport*, 166 Vt. at 310.

In this case, Plaintiff similarly cannot show the alleged failure to warn proximately caused their injury. Plaintiff's case against Westcast rests on allegations that Westcast did not give clear warnings about avoiding placing the boiler over combustible surfaces, or about how to install protective surfaces over combustible services. Yet, the undisputed facts demonstrate that the clarity or placement of the manufacturer's warning is immaterial to the cause of the fire. Anyone conceivably associated with the placement of the boiler knew of the dangers covered by the manufacturer's warning. There is no evidence that, despite that pre-existing knowledge, a more conspicuous or detailed notice would have prevented the negligent placement of the boiler on an unprotected combustible surface. Further warning, however clear, would not have avoided the accident because the warnings would not provide any additional information to the installers in this case beyond the understanding that each acknowledged.[4] *Id.* at 308 ("if the user is

---

[4] Plaintiff argues the warnings should have been more conspicuous, should have included more detailed information about set-back requirements and should have explained more about the various options for base protection, including concrete blocks. Yet, it is undisputed that the cause of the damage was the placement of the boiler in direct contact with the wooden sill. None of the refinements to the warning urged by Plaintiff would have prevented the

3

cautioned of the risk and ignores the advice, there is no reasonable basis to assume that the user would have heeded a warning from the manufacturer") (citing *Menard v. Newhall*, 135 Vt. 53, 55 (1977)); s*ee also*, *Puckett v. Oakfabco, Inc.*, 979 P.2d 1174, 1182 (Idaho1999) (in failure-to-warn suit arising from injury suffered while cleaning a boiler, court held: "Where the undisputed facts lead only to the objective conclusion that a particular risk is glaringly obvious, imposing a duty to warn of such risk serves no function and would be unreasonable").

In substantial part, Plaintiff's response to Wescast's motion for summary judgment ignores the proximate cause issues discussed above. Rather, Plaintiff maintains that it should be entitled to go forward, in any event, with its claim for strict product liability arising from a dangerous instrumentality. *See Webb v. Navistar*, 166 Vt. 119, 124–25 (1996); Restatement (Second) of Torts, § 402A (cited by *Zaleskie v. Joyce,* 133 Vt. 150, 154 (1975)). Referring to Westcast's reliance on *Bridport*, Plaintiff maintains "[t]he case is not applicable to VMIC's strict product liability claims." Plaintiff's argument is this regard is doubly flawed. Most importantly, Plaintiff has never pled any strict liability claim, separate from Count II of its Second Amended Complaint filed January 7, 2010.  In that count, Plaintiff limits its claim against Westcast to a cause arising from the allegation that the manufacturers' "breach (sic) their duties by failing to give adequate instructions and adequate warnings." Contrary to the argument made in Plaintiff's opposition to summary judgment, it has never made a complaint that claimed that the boiler was defective and unreasonably dangerous as manufactured, separate from the adequacy of any warnings. Furthermore, as demonstrated by Westcast, even if Plaintiff had included a defective product count in its complaint, it has produced no evidence to support such a claim.[5]

The Court must grant Westcast's motion to for summary judgment because, the danger of fire from placement on a combustible surface being obvious and acknowledged by Defendants, as well as the only other possibly responsible party, Plaintiff cannot show proximate cause.

## Order

Westcast's motion for summary judgment is **GRANTED.**  Plaintiff's claims against the Westcast Defendants are **DISMISSED.**

Dated at Bennington on September 19, 2013.

_____
John P. Wesley
Superior Court Judge

---

fire in this case, because the danger of placing the boiler on the wooden sill was obvious and acknowledged by the representatives of each party that might have been responsible for such placement.

[5] Plaintiff's expert responded to the question as to whether the boiler itself was defective by saying, "I don't see any. You know, I would have installed the boiler according to their manual." Deposition of Lester McLaughlin (Jan 23, 2013), p.55.