Vermont Superior Court
Filed 02/09/26
Chittenden Unit

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 22-CV-3458

| | |
|---|---|
| PETER COOK and OLIVIA MARIE QUAD, personally and on behalf of their minor daughter, ARIA HOPE COOK,<br>        Plaintiffs<br><br>v.<br><br>JOHNSON COMMUNITY HOUSING LIMITED PARTNERSHIP and ALLIANCE PROPERTY MANAGEMENT, INC.,<br>        Defendants | DECISION ON MOTION |

## RULING ON JOHNSON COMMUNITY HOUSING'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This action arises from Plaintiffs' minor daughter's fall out of a second-floor window in their apartment in 2019. Plaintiffs Peter Cook and Olivia Quad have sued the owner, Johnson Community Housing L.P. ("Johnson"), and the property manager, Alliance Property Management ("Alliance"), of their apartment building under theories of strict liability, breach of contract/warranty of habitability, negligence, and consumer fraud. The Court previously granted Defendant Alliance's motion for partial summary judgment on the warranty and consumer fraud claims. Defendant Johnson, represented by Susan J. Flynn, Esq., now moves for summary judgment as to the strict liability, warranty, and consumer fraud claims.[1] Plaintiffs, represented by Christopher A. Micciche, Esq., have not filed any response to the motion. For the reasons discussed below, the motion for partial summary judgment is GRANTED.

### Factual Background

The material facts are not in dispute.[2] Defendant Johnson incorporates by reference the statement of facts submitted by co-Defendant Alliance with respect to Alliance earlier summary

---

[1] In its motion, Defendant Johnson purports to move for summary judgment "on all [c]ounts of Plaintiffs' Amended Complaint." Johnson's Mot. for Summ. J. at 1. Nowhere in its motion, however, does it discuss Plaintiffs' negligence claim. Thus, the Court construes the motion as one for *partial* summary judgment.

[2] Because Plaintiffs did not respond to Defendant's Statement of Undisputed Material Facts ("SUMF"), the Court considers the facts stated to be undisputed. *See* V.R.C.P. 56(e)(2); *Boyd v. State*, 2022 VT 12, ¶ 8 n.1, 216 Vt. 272 (where plaintiff "did not directly respond to defendant's

judgment motion. The Court already recited those facts in its earlier ruling on Alliance's motion, *see* Ruling on Mot. for Partial Summ. J. at 1-2 (filed Oct. 6, 2025), and there is no need to repeat them here.

Johnson does provide several additional undisputed facts to support its summary judgment motion. Ms. Quad did not have direct interactions with anyone at Johnson from July 2, 2018 through October 13, 2019 regarding the condition of the apartment, and did not know what entity owned the property as of her deposition on March 12, 2025. Ms. Quad has not alleged that Johnson represented to her that the window screens were fall protection devices. Nor has she alleged that she asked Johnson to install fall protection devices in her apartment or that she gave notice to Johnson regarding the alleged defects.

## Discussion

Defendant Johnson seeks partial summary judgment on the strict liability, contract/ warranty, and consumer fraud claims, and as to Plaintiff Peter Cook to the extent he seeks to recover damages on the contract warranty and consumer fraud claims. Summary judgment, of course, is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). Johnson is entitled to summary judgment on the contract/warranty and consumer fraud claims for the same reasons the Court granted Alliance's summary judgment motion on those two claims. Johnson is further entitled to summary judgment to the extent that Peter Cook seeks damages as to those two claims, also for the same reasons expressed in the Court's ruling on Alliance's summary judgment motion.

As to the strict liability claim, Plaintiffs allege that Defendants had a duty to install and maintain the window so as to provide a reasonably safe product to Plaintiffs, that they breached that duty by installing and maintaining the window "in such a manner as to present an unreasonable risk of harm to Plaintiffs," and that they are strictly liable for the defective window. Am. Compl. ¶¶ 12-14. Johnson contends that Plaintiffs cannot show that Plaintiffs' daughter, Aria, was injured due to the window's defective design. The Court agrees.

Tort law generally limits strict liability to cases of ultra-hazardous activities, dangerous animals, and defective products. *See Martin v. Christman*, 2014 VT 55, ¶ 10, 196 Vt. 536. Plaintiffs' claim here is grounded in strict product liability:

> To establish strict liability in a products liability action, a plaintiff must show that the defendant's product (1) is defective; (2) is unreasonably dangerous to the consumer in normal use; (3) reached the consumer without undergoing any substantial change in condition; and (4) caused injury to the consumer because of its defective design.

statement of facts[,] . . . . "for purposes of summary judgment, defendant's facts are deemed undisputed").

*Farnham v. Bombardier, Inc.*, 161 Vt. 619, 620, 640 A.2d 47, 48 (1994) (citing *Restatement (Second) of Torts* § 402A (1965); *Zaleskie v. Joyce,* 133 Vt. 150, 154-55, 333 A.2d 110, 113-14 (1975) (adopting § 402A "strict product liability" in this jurisdiction)).  Plaintiffs have the burden to show a defective condition.  *Id*. (citing *Restatement* § 402A cmt. g).  "A product is defective if it is not 'safe for normal handling and consumption.'"  *Id.* (quoting *Restatement* § 402A cmt. h).  Moreover, "'unreasonably dangerous' means the product is 'dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics.'"  *Id.* (quoting *Restatement* § 402A cmt. i).

Here, even assuming that the window screen was defective and unreasonably dangerous to a consumer in normal use, Plaintiffs cannot show that it "reached the consumer without undergoing any substantial change in condition."  *Farnham*, 161 Vt. at 620, 640 A.2d at 48.  The undisputed material facts establish that the screen was secured with tape along the bottom and screws along the side.  Alliance's SUMF ¶ 17.  Ms. Quad testified in her deposition that the screen did not "properly fit in the window" and that the "screws [] didn't look like they fit."  Ex. D at 118:14 - 119:8.  Because Plaintiffs did not respond to the motion for summary judgment, there are no facts to controvert this.  In response to a summary judgment motion, a nonmoving party "may not rest on the allegations in its pleadings, but must set forth specific facts showing that there is a genuine issue for trial."  *Palmer v. Furlan*, 2019 VT 42, ¶ 7, 210 Vt. 375 (quotation omitted).  For the same reason, Plaintiffs also cannot show that the window caused injury to Aria "because of its defective design," negating another element of a strict product liability claim.  *Farnham*, 161 Vt. at 620, 640 A.2d at 48.

Moreover, Plaintiff's allegation of a product defect seems to be based solely on the way Defendants installed and maintained the window.  *See* Am. Compl. ¶¶ 11-15.  Securing a window screen with tape and loose screws may or may not be negligence, but it is not a case of strict product liability.  *See* 2 Owen & Davis on Prod. Liab. § 17:11 (4th ed.) ("In most instances, . . . courts properly refuse to apply strict products liability to claims of improper installation of a nondefective product, concluding that the service component of the transaction must be judged according to traditional principles of the law of negligence."); *see also Winters v. Fru-Con Inc.*, 498 F.3d 734, 745 (7th Cir. 2007) ("Strict liability is not applied to the installer . . . ."); *Hinojasa v. Automatic Elevator Co.*, 16 N.E.2d 45, 48 (Ill. App. Ct. 1980) (holding that "the rationale behind the [strict liability] doctrine extends as far as an installer who is not also the seller of a product"); *Hoover v. Montgomery Ward & Co.*, 528 P.2d 76, 77 (Or. 1974) ("This case presents the question of whether the definition of 'dangerously defective product' should be expanded to include within the scope of strict liability the negligent installation of a nondefective product.  We have found no court which has stretched the doctrine of strict liability in tort to this extreme, and we decline to do so."); *DeLoach v. Whitney*, 273 S.E.2d 768, 769 (S.C. 1981) ("We decline to expand the scope of strict liability in South Carolina to include the negligent installation of a non-defective product."); *Conger v. Tel Tech, Inc.*, 798 P.2d 279, 283 (Utah Ct. App. 1990) (refusing "to extend strict product liability in tort" to "the installation of a nondefective product");  Accordingly, Johnson is entitled to summary judgment on the strict liability claim.

3

<u>Order</u>

For the foregoing reasons, Defendant Johnson's Motion for Partial Summary Judgment (Mot. # 8) is GRANTED.

According to the most recent scheduling order, the case is now trial-ready.  The clerk shall set this matter for a pretrial conference and jury draw during the next available cycle.

Electronically signed on February 9, 2026 at 8:27 AM pursuant to V.R.E.F. 9(d).

_____
Megan J. Shafritz
Superior Court Judge